CHARLES N. SHARPE, JR., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 10490–76.    Filed October 18, 1977.

*J. Glenn Hahn* and *David E. Bass*, for the petitioners.
*Jeffry L. Millward*, for the respondent.

### OPINION

DAWSON, *Judge:* This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. Petitioner has filed objections to the motion.

We are confronted with two issues: (1) Whether this Court lacks jurisdiction under section 6871(b), Internal Revenue Code of 1954,[1] to redetermine income tax deficiencies for prebankruptcy years where the petitioner filed a petition with the bankruptcy court prior to filing the Tax Court petition and where the Commissioner filed a timely proof of claim for the tax deficiencies in the bankruptcy proceeding; and (2) whether this Court lacks jurisdiction under section 6871(b) to redetermine an addition to tax under section 6651(a) for a prebankruptcy year

---

[1] All statutory references herein are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

where the petitioner filed a petition with the Tax Court and where the bankruptcy court has sole jurisdiction to redetermine the underlying income tax deficiency.

The pertinent facts may be summarized as follows:

On April 26, 1976, petitioner herein filed a voluntary petition in bankruptcy in the United States District Court for the Western District of Missouri. On April 27, 1976, petitioner was adjudicated a bankrupt and a receiver was appointed. On or about May 10, 1976, the District Court issued its order setting the first meeting of creditors on June 7, 1976, and thereby fixing the last date on which to file claims as December 7, 1976. Such order was served on all creditors named in the bankruptcy petition including respondent herein.

On August 28, 1976, respondent issued to petitioner a statutory notice of deficiency setting forth the following income tax deficiencies for the taxable years 1966 through 1969 and an addition to tax for the year 1969:

| Year | Deficiency | Addition to tax Sec. 6651(a) |
|------|-----------|------------------------------|
| 1966 | $278,589.64 | |
| 1967 | 79,556.02 | |
| 1968 | 177,411.54 | |
| 1969 | 83,662.23 | $8,366.22 |

On November 22, 1976, respondent filed a timely proof of claim in petitioner's bankruptcy proceeding, scheduling as priority items the amounts set forth above as income tax deficiencies. The addition to tax for the year 1969 was not scheduled on the proof of claim.

On November 30, 1976, a petition captioned in the name of Charles N. Sharpe, Jr., was filed with the Tax Court seeking a redetermination of the income tax deficiencies and the addition to tax for the years in issue.

On January 21, 1977, respondent filed an answer to the Tax Court petition.

On January 25, 1977, pursuant to section 6871(a) of the Code, respondent made an immediate assessment against the petitioner of income tax deficiencies for the years 1966 through 1969 and the addition to tax for 1969.

On January 27, 1977, an amended proof of claim was filed in petitioner's bankruptcy proceeding for the income taxes due and

owing for the years 1966 through 1969 to reflect interest on the claimed deficiencies to April 26, 1976, and to reflect the date upon which the deficiencies were assessed. The addition to tax for the year 1969 was not scheduled on the January 27, 1977, amended proof of claim.

On January 27, 1977, Form L–296 was sent to the petitioner, in care of the trustee in petitioner's bankruptcy proceeding, advising that the income tax deficiencies and the addition to tax were being assessed under the provisions of section 6871(a) for the years 1966 through 1969. The amount of income tax deficiencies stated thereon was the same as set forth in the amended proof of claim, the initial proof of claim, and the statutory notice of deficiency. The amount of the addition to tax for the year 1969 set forth in the Form L–296 letter was the same as set forth in the statutory notice of deficiency.

On July 25, 1977, the trustee and the petitioner (bankrupt) jointly filed an objection to the respondent's proof of claim as not timely filed.

The usual procedures for the redetermination and assessment of income tax deficiencies are set forth in sections 6212[2] and 6213.[3] These sections provide that if the Secretary or his delegate determines a deficiency, he must send notice of deficiency to the taxpayer. The taxpayer has 90 days in which to appeal that

---

[2]SEC. 6212. NOTICE OF DEFICIENCY.

(a) IN GENERAL. —If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitle A or B or chapter 42 or 43, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

(b) ADDRESS FOR NOTICE OF DEFICIENCY. —

(1) INCOME AND GIFT TAXES AND TAXES IMPOSED BY CHAPTER 42.— In the absence of notice to the Secretary or his delegate under section 6093 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, chapter 42, or chapter 43, if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 42, chapter 43, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

[3]SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT.

(a) TIME FOR FILING PETITION AND RESTRICTION ON ASSESSMENT.— Within 90 days, or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B or chapter 42 or 43 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

determination to the Tax Court. As a general rule, no assessment of the deficiency may be made prior to the issuance of the notice of deficiency, during the 90-day period, or, if a petition is filed, until the decision of the Tax Court becomes final.

However, in the case of a taxpayer who is adjudicated a bankrupt, section 6871[4] prescribes an entirely different procedure. Section 6871(a) provides that after the adjudication in bankruptcy, the Commissioner shall immediately assess any deficiency which has not theretofore been assessed. Section 6871(b) provides, in part, that no petition for redetermination of the deficiency may be filed with the Tax Court after the petitioner has been adjudicated a bankrupt in any liquidating bankruptcy proceeding.

The voluntary filing of a petition by an individual in a liquidating bankruptcy proceeding operates as an adjudication with the same force and effect as a decree of adjudication. Since this petitioner filed a voluntary petition in a liquidating bankruptcy, the provisions of section 6871 are applicable. The petition filed with the Tax Court in this case falls squarely within the prohibition of section 6871(b).

The petitioner seeks to avoid this result by arguing that the issuance of the notice of deficiency on August 28, 1976, constitutes an "election" by respondent, so that concurrent jurisdiction would lie in the bankruptcy court and in this Court. The argument is erroneous because section 6871(b) makes reference to the *petition,* not the notice of deficiency; the controlling language being "no petition * * * shall be filed with

---

[4]SEC. 6871. CLAIMS FOR INCOME, ESTATE, AND GIFT TAXES IN BANKRUPTCY AND RECEIVERSHIP PROCEEDINGS.

(a) IMMEDIATE ASSESSMENT.—Upon the adjudication of bankruptcy of any taxpayer in any liquidating proceeding, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of a receiver for any taxpayer in any receivership proceeding before any court of the United States or of any State or Territory or of the District of Columbia, any deficiency (together with all interest, additional amounts, or additions to the tax provided by law) determined by the Secretary or his delegate in respect of a tax imposed by subtitle A or B upon such taxpayer shall, despite the restrictions imposed by section 6213(a) upon assessments, be immediately assessed if such deficiency has not theretofore been assessed in accordance with law.

(b) CLAIM FILED DESPITE PENDENCY OF TAX COURT PROCEEDINGS.—In the case of a tax imposed by subtitle A or B claims for the deficiency and such interest, additional amounts, and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Tax Court; but no petition for any such redetermination shall be filed with the Tax Court after the adjudication of bankruptcy, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of the receiver.

the Tax Court" after the filing of the petition in bankruptcy. The instant case is distinguishable from cases where concurrent jurisdiction has been found to exist, e.g., *Fotochrome, Inc. v. Commissioner*, 57 T.C. 842 (1972), because the petition herein postdated the petition in bankruptcy. And petitioner's reliance on *King v. Commissioner*, 51 T.C. 851 (1969), and *Orenduff v. Commissioner*, 49 T.C. 329 (1968), is clearly misplaced since in the instant case the respondent made an assessment and filed a proof of claim in the bankruptcy proceeding, while in *King* and *Orenduff* the respondent did not take such action. Thus, this petitioner has been afforded the opportunity to litigate in the bankruptcy proceeding, and the administrative inadvertence resulting in the issuance of the notice of deficiency on August 28, 1976, does not, in our judgment, provide any basis to alter the established rule that this Court is without jurisdiction to redetermine deficiencies in taxes for prebankruptcy years where the petitioner is adjudicated a bankrupt prior to the filing of a petition with the Tax Court and where a timely proof of claim for the tax deficiencies has been filed in the bankruptcy proceeding. This situation is controlled on this issue by our prior opinions in *Prather v. Commissioner*, 50 T.C. 445 (1968), and *Izen v. Commissioner*, 64 T.C. 919 (1975). It is manifestly clear under these circumstances that this Court lacks jurisdiction to redetermine the income tax deficiencies for the years 1966 through 1969.

The second issue is more complicated. We must decide whether this Court also lacks jurisdiction with respect to the addition to tax under section 6651(a) for the late filing of the petitioner's Federal income tax return for the year 1969.

In two cases, *Prather v. Commissioner, supra*, and *Izen v. Commissioner, supra*, this Court concluded that it has jurisdiction over additions to tax even when the jurisdiction to determine the correct underlying tax deficiencies rests entirely with the bankruptcy court. Petitioner contends that the holdings in *Prather* and *Izen* are controlling on the jurisdictional issue relating to the additions to tax for fraud and negligence. He points out that respondent did not claim in his original or amended proof of claim any amount with respect to the addition to tax under section 6651(a) for the taxable year 1969. He argues that if he cannot contest the addition to tax in this Court, he will be deprived of any forum in which to litigate the question. Respondent counters with the assertion that *Prather* and *Izen*

are no longer viable and should not be followed on this particular jurisdictional question. Succinctly stated, respondent's position is that since the bankruptcy court has jurisdiction to determine the merits of the tax, it is the bankruptcy court, rather than the Tax Court, which has jurisdiction to determine the merits of a related addition to tax because section 6871(a) expressly provides for the assessment of the addition to tax as well as the tax.

The addition to tax was not scheduled on the original or amended proof of claim because of the Supreme Court's decision in *Simonson v. Granquist*, 369 U.S. 38 (1962), which construed section 57j of the Bankruptcy Act[5] to bar the *allowance* in bankruptcy of claims for nonpecuniary loss penalties. But there is a difference between *provability* of a debt and the *allowance* of a claim or debt. Section 63 of the Bankruptcy Act describes the types of debts which may be proved. However problematic the nature of a "tax" may be, there is no doubt as to the provability of a tax claim arising prior to bankruptcy by subjecting it to the same formalities and time limitations as other provable debts. Whether a debt so proved will actually be allowed is a distinct issue, and one that depends not only on provability. See 3A Collier, Bankruptcy, pars. 63.05 and 63.26 (14th ed. 1975 and supp. 1977).

In *King v. Commissioner*, 51 T.C. 851 (1969), no consideration was given to whether amendments to the Bankruptcy Act made in 1966 give the bankruptcy court jurisdiction over a tax claim even though respondent has not filed a proof of claim. Section 2a(2A) of the Bankruptcy Act, which also was not considered in *Prather* and *Izen*, provides that bankruptcy courts have jurisdiction to:

> Hear and determine, or cause to be heard and determined, any question arising as to the amount or legality of any unpaid tax, whether or not previously assessed, which has not prior to bankruptcy been contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction, * * *

The jurisdictional grant under the first part of section 2a(2A) to hear and determine "any question arising as to the amount or legality of any unpaid tax" is limited by only two factors. First, the "tax" must not have been paid; and second, the disputed tax

---

[5]References herein are to sections of the Bankruptcy Act rather than to corresponding sections contained in Title 11, U.S.C.

item must not have been contested and adjudicated prior to bankruptcy. It is immaterial to the bankruptcy court's jurisdiction whether or not a proof of claim is filed for the "tax." Actually, if a proof of claim has been filed for the tax claim, the bankruptcy court has *independent* power under section 57 of the Bankruptcy Act to determine its validity and amount before allowing it. See 1 Collier, Bankruptcy, par. 2.22A (14th ed. 1974 and supp. 1976).

Section 2a(2A) is an express grant of jurisdiction, and there is now considerable authority for the proposition that the bankruptcy court does have jurisdiction to determine the dischargeability of tax claims, whether or not a proof of claim is filed. See *In re Durensky*, 377 F.Supp. 798 (N.D. Tex. 1974), appeal dismissed 519 F.2d 1024 (5th Cir. 1975), and cases cited therein. See also *In re Durensky*,   F.Supp.   (N.D. Tex. 1976, 39 AFTR 2d 77–310, 77–1 USTC par. 9267).

In the Bankruptcy Amendments of 1966, 1 Ga. L. Rev. 149, 172–173 (1967), Prof. Frank R. Kennedy, Reporter of the Advisory Committee on Bankruptcy Rules and a member of the National Bankruptcy Conference, wrote:

> The new section 2a(2A) is a revision and transposition of section 64a(4)'s second proviso. Some difference of opinion has developed respecting the effect of the new language. Does it codify or change existing law? The Senate Finance Committee approved this amendment of the law, stressing at the time its understanding that it made no change in present law under which a bankruptcy court cannot adjudicate the merits of any claim, including a federal tax claim which has not been asserted in the bankruptcy proceeding by the filing of a proof of claim. Even if it were true that the amendment effects no change, it has long been clear that the bankruptcy court may determine in summary proceedings the amount and legality of any tax claim against property in the custody of the court, including any tax claim secured by a lien, whether or not a proof of claim is filed. The committee's reading of this explicit grant of jurisdiction would reduce it to a nullity, since it is clear without the provision that the bankruptcy court can determine the amount and legality of any claim duly filed in a bankruptcy case.

Amendments to the Bankruptcy Act made in 1970, which were not applicable nor considered in *King*, provide comprehensive procedures for determining the dischargeability of debts. Section 17(c) provides in pertinent part:

> (1) The bankrupt or any creditor may file an application with the court for the determination of the dischargeability of any debt.

＊　　＊　　＊　　＊　　＊　　＊　　＊

(3) After hearing upon notice, the court shall determine the dischargeability of any debt for which an application for such a determination has been filed, shall make such orders as are necessary to protect or effectuate a determination that any debt is dischargeable and, if any debt is determined to be nondischargeable, shall determine the remaining issues, render judgment, and make all orders necessary for the enforcement thereof.

With respect to section 17(c) it has been said, particularly in light of the provision of section 14(f) whereby judgments of nonbankruptcy courts can be rendered "null and void as a determination of the personal liability of the bankrupt," that "an interpretation giving pre-eminent jurisdiction to the bankruptcy court is clearly plausible." D. Cowans, Bankruptcy Law and Practice, sec. 433 at 102 (1973 supp.). And in The New Dischargeability Law, 45 Am. Bankr. L. J. 1, 32–33 (1971), Prof. Vern C. Countryman, a member of the Judicial Conference Advisory Committee on Bankruptcy Rules, wrote:

section 17c(3) does, I believe, require the bankruptcy court to take a tax case from the Tax Court or a district court when judgment has not yet been rendered on an undischarged tax claim. There is no suggestion in the legislative history that multiple litigation over tax claims was any less to be avoided than multiple litigation over any other claims. If the concern is for judicial dignity, no greater claim can be made for the Tax Court than for other courts of original jurisdiction, nor for a federal district court sitting in a tax case than for such a court sitting in any other case. Or if the concern is over the competence of referee to handle tax cases, or the wisdom of burdening them with such cases, Congress seems to have resolved that issue in 1966 when it added §2a (2A) giving the bankruptcy courts jurisdiction to "hear and determine, or cause to be heard and determined, any question arising as to the amount of any unpaid tax * * * which has not prior to bankruptcy been contested before and adjudicated by a judicial or administrative tribunal * * * "—a provision which seems applicable to questions of tax liability committed to the bankruptcy court by §17c(3).

It is our present view that by establishing a different method for assessment and collection of taxes where bankruptcy intervenes, Congress intended that "tax" matters in their entirety be settled by the bankruptcy court under bankruptcy procedures instead of by the Tax Court under the procedures set forth in sections 6212(a) and 6213(a), except where the Tax Court petition antedates the petition in bankruptcy. See *Kornberg v. Tomlinson*, 341 F.2d 300 (5th Cir. 1965); *Abel v. Campbell*, 334 F.2d 339 (5th Cir. 1964); *Cohen v. Gross*, 316 F.2d 521 (3d Cir. 1963). This view is fortified by the plain language of section

2a(2A) of the Bankruptcy Act and a newly established trend in the case law where the vigorous exercise of the bankruptcy court's jurisdiction compels reconsideration of the *King* rationale. Several courts have held that bankruptcy courts do have jurisdiction, notwithstanding the absence of the filing of a proof of claim, to determine various tax matters in the context of the bankruptcy proceedings. See *Bostwick v. United States*, 521 F.2d 741 (8th Cir. 1975); *Gwilliam v. United States*, 519 F.2d 407 (9th Cir. 1975); *In re Durensky*, F.Supp. (N.D. Tex. 1976, 39 AFTR 2d 77–310, 77–1 USTC par. 9267).

By its terms section 2a(2A) of the Bankruptcy Act does not limit the jurisdiction of the bankruptcy court to debts claimable from the bankrupt's estate. See and compare *Tanner v. Commissioner*, 64 T.C. 415, 421 (1975), where we recognized that "there is a strong possibility that the bankruptcy court will take jurisdiction of the tax matter here in controversy under section 2a(2A)."

In our opinion the underlying rationale of *King* has been sapped of its vitality and should no longer be followed because of the changes in the law and judicial climate.[6]

Although it is true that the bankruptcy court may not allow a claim for an addition to tax in view of section 57j of the Bankruptcy Act, an addition to tax is not only a "tax" but also a provable debt under section 63 of the Bankruptcy Act. Section 6659(a), Internal Revenue Code, provides that additions to tax shall be paid upon notice and demand and shall be assessed, collected, and paid in the same manner as taxes, and that "any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the additions to the tax." Clearly, in interpreting the provisions of the Internal Revenue Code, it is customary to treat additions to tax as if they were a "tax" We think an addition to tax which has not been paid is also an "unpaid tax" as that term is used in section 2a(2A) of the Bankruptcy Act. Therefore, we conclude that the bankruptcy court has jurisdiction under section 2a(2A) to hear and determine the validity of any addition to tax upon application of either the trustee or the bankrupt.

---

[6]Where, as here, the Commissioner sends a notice of deficiency after the adjudication of bankruptcy and during the pendency of such proceeding, the notice of deficiency is rendered a nullity. See *King v. Commissioner*, 51 T.C. at 863 (dissenting opinion of Judge Sterrett). Furthermore, in view of the 1966 and 1970 amendments to the Bankruptcy Act, the filing of a proof of claim by the Commissioner is not necessary to invoke the bankruptcy court's jurisdiction to hear and determine "any question arising as to the amount or legality of any unpaid tax." *In re Dolard*, 519 F.2d 282 (9th Cir. 1975).

The rationale of *Prather* and *Izen* is that this Court, rather than the bankruptcy court, has jurisdiction to inquire into the merits of nonpecuniary loss penalties because (1) such additions to tax are not *allowable* in bankruptcy and (2) to hold otherwise would deprive the petitioner of a prepayment forum in which to litigate the merits of the additions to tax. Upon further consideration it is now our judgment that the continued application of these factors will lead to situations where the ultimate resolution of the Tax Court proceeding will inevitably be held in abeyance pending a determination by the bankruptcy court as to the underlying tax deficiencies assessed since an addition to tax is dependent, at least in amount, upon the amounts of the deficiencies. Consequently, such situations will create truncated and bifurcated jurisdiction that is not only undesirable but also not mandated by the statutory scheme. We think that when the Internal Revenue Service files a proof of claim and subjects the tax to the jurisdiction of the bankruptcy court, the merits of any additions to tax assessed under section 6871(a) of the Code are properly within the jurisdiction of the bankruptcy court under section 2a(2A) of the Bankruptcy Act, notwithstanding that such additions to tax are not scheduled on the proof of claim. This view is supported by the legislative history of section 6871. Prior to 1926, the Federal income tax laws were silent with respect to the jurisdiction of the Board of Tax Appeals in the event a taxpayer became involved in a bankruptcy or receivership proceeding. In 1926, Congress enacted a statute dealing with the Board's jurisdiction in these cases and also provided for the immediate assessment of any deficiencies or additions to the tax in such situations without the necessity of issuing a notice of deficiency. The statutory prohibition against a taxpayer filing a petition for redetermination with the Board after his adjudication in bankruptcy was added to the income tax laws as section 282(a) of the Revenue Act of 1926. Significantly, the statutory language originally adopted included the phrase "but no petition for any such redetermination shall be filed with the Board after the adjudication of bankruptcy," which phrase appears essentially unchanged in section 6871(b).

A logical extension of the expanding construction of the jurisdiction of the bankruptcy court is that it should be able to assume jurisdiction over an addition to tax which relates to and

is, in amount, dependent upon a tax deficiency which is plainly, properly, and solely within the jurisdiction of the bankruptcy court. Such an extension would not run afoul of *Simonson v. Granquist,* 369 U.S. 38 (1962), if grounded on the view that the addition to tax is a provable debt under section 63 of the Bankruptcy Act. The validity of the addition to tax, dependent upon whether the petitioner herein can show that the failure to file was due to reasonable cause and not to willful neglect, can thus be asserted on application of either the trustee or the bankrupt under section 2a(2A) of the Bankruptcy Act. Indeed, since the matter of the addition to tax will have an effect on the petitioner when the bankruptcy proceeding is closed, it would seem that if the provability of the addition to tax was not raised by the trustee (who was apprised of the addition to tax in Form L–296), then the bankrupt, as an aggrieved person within the scope of section 39(c) of the Bankruptcy Act, may petition for review on his own behalf. See *Menick v. Hoffman,* 205 F.2d 365 (9th Cir. 1953); *Caldwell v. Armstrong,* 342 F.2d 485 (10th Cir. 1965).

One final, practical point. If the notice of deficiency had not been sent to the petitioner in this case, all else being equal, the bankruptcy court would have been the only forum available to him. *Lerer v. Commissioner,* 52 T.C. 358 (1969). A bankruptcy proceeding affords a petitioner a substitute prepayment tribunal. *Rutas Aereas Nacionales, S.A. (Ransa) v. United States,* 373 F.2d 213 (5th Cir. 1967).

For the reasons previously stated, we now regard the *Prather* and *Izen* opinions on the jurisdictional issue relating to the additions to tax as isolated exceptions to the statutory scheme of pertinent provisions of the Internal Revenue Code and the Bankruptcy Act. On this jurisdictional question the *Prather* and *Izen* opinions appear to be "at war with the policy against piecemeal" litigation and "the policy of expedited adjudication which undergirds federal bankruptcy law." *In re Durensky,* 519 F.2d 1024, 1030 (5th Cir. 1975). Consequently, to the extent the views expressed in those opinions are inconsistent with the views stated herein, the *Prather* and *Izen* opinions will no longer be followed.

Accordingly, we hold that this Court lacks jurisdiction to redetermine the income tax deficiencies for the years 1966 through 1969 and the addition to tax under section 6651(a) for

1969. Respondent's motion to dismiss this case for lack of jurisdiction will be granted.

*An appropriate order will be entered.*

Reviewed by the Court.

DRENNEN, *J.*, did not participate in the consideration or disposition of this case.

STERRETT, *J.*, concurring: I concur in the result reached by the majority for the reasons set forth in my dissenting opinion in *King v. Commissioner*, 51 T.C. 851, 862 (1969), and only for those reasons.

SIMPSON, *J.*, dissenting: Here again, the Commissioner asks us to hold that because a taxpayer has filed a petition in bankruptcy, we do not have jurisdiction over the tax claims against him even though the Commissioner has not presented those claims to the bankruptcy court for adjudication. In *King v. Commissioner*, 51 T.C. 851 (1969), and *Prather v. Commissioner*, 50 T.C. 445 (1968), we adopted the principle that section 6871(b) was not intended to deprive a bankrupt of the opportunity of having a prepayment adjudication of the tax claims against him. Thus, if the tax claim is presented to the bankruptcy court for adjudication, we lack jurisdiction of it, but if the claim is not presented to that court, we will take jurisdiction of it. Today's holding by the Court unnecessarily and unwisely, in my opinion, abandons that principle.

The Court has found that because of recent changes in the bankruptcy law and rules, the bankruptcy court may take jurisdiction over claims for additions to tax and that the bankrupt may raise the issue before the bankruptcy court even though the Commissioner has not presented the claim for adjudication. For those reasons, the Court concludes that we do not have jurisdiction over such claims. Yet, it is not altogether clear that the taxpayer will always have an opportunity for an adjudication of the tax claims in the bankruptcy court. The courts have not settled the question yet as to whether the

bankruptcy court has jurisdiction over a claim for fraud or a claim for taxes arising shortly before the beginning of the bankruptcy proceeding. Compare *In re Durensky*, 377 F.Supp. 798, 804–805 (N.D. Tex. 1974), appeal dismissed 519 F.2d 1024 (5th Cir. 1975), with *In re O'Ffill*, 368 F.Supp. 345, 350–352 (D. Kan. 1973). In addition, the bankrupt cannot be expected to raise the issue in the bankruptcy court unless he has notice of the Commissioner's claim, and although the Commissioner's regulations call for him to give notice of such claim, the law is not settled as to what happens if he neglects to give such notice in sufficient time for the bankrupt to raise the matter before the bankruptcy court. Compare *In re Statmaster Corp.*, 465 F.2d 978, 981 (5th Cir. 1972), and *In re O'Ffill, supra,* with *Bostwick v. United States*, 521 F.2d 741, 746 (8th Cir. 1975); *Gwilliam v. United States*, 519 F.2d 407, 409–412 (9th Cir. 1975); and *In re Durensky, supra.*

Clearly, there are advantages in having all of the tax claims presented to the bankruptcy court for adjudication, and it would be very simple for the Commissioner to achieve that objective by presenting all of his claims to that court. However, when he fails to present a claim to that court and yet asks us to hold that we lack jurisdiction to consider the claim, I find his actions unpersuasive. I believe that we would be better advised to follow the course which we adopted in *Tanner v. Commissioner*, 64 T.C. 415 (1975); that is, to conclude that we have jurisdiction of the claim until or unless it is actually presented to the bankruptcy court. If it is presented to that court for adjudication, we would then entertain a motion to dismiss the matter in this Court.