JOHN H. BARON AND RUBY A. BARON, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 8229–77.     Filed March 21, 1979.

---

*Jay B. Kelly*, for the petitioners.
*James C. Lanning*, for the respondent.

### OPINION

DRENNEN, *Judge:* This matter is before the Court on petitioners' motion to dismiss for lack of jurisdiction. Respondent objected to the motion and, after a hearing, the parties submitted stipulations of fact and briefs stating their positions.

Petitioners' motion and respondent's objection raise two issues: (1) Whether this Court lacks jurisdiction under section 6871(b), I.R.C. 1954,[1] to redetermine a deficiency and negligence addition to tax for a prebankruptcy year where an involuntary petition in bankruptcy was filed against petitioner John H. Baron, Baron was adjudicated a bankrupt before filing the Tax Court petition, respondent made no assessment against Baron, and respondent did not file a proof of claim in the bankruptcy proceedings; and (2) Whether this Court lacks jurisdiction with respect to Ruby A. Baron, the bankrupt petitioner's wife, who was not involved in the bankruptcy court proceeding, but who filed a joint petition in this Court in response to a joint notice of deficiency issued to John and Ruby.

All of the facts have been stipulated by the parties. The stipulations of fact and attached exhibits are incorporated herein by this reference.

Petitioners' joint Federal income tax return for the taxable year 1970 was filed with the Internal Revenue Service after May 14, 1971, but prior to June 18, 1971. The address on the return was 1820 Shadywood Road, Wayzata, Minn. Petitioners did not sign a consent extending the period of limitations within which the Internal Revenue Service could assess any tax due with respect to 1970.

On July 26, 1972, the District Director of Internal Revenue Service at Saint Paul, Minn., mailed a letter to petitioners notifying them that an examination of their 1970 return showed no change was required in the tax reported and that the return was accepted as filed.

---

[1] All section references are to the Internal Revenue Code of 1954, as amended and in effect in the year in issue, unless otherwise indicated.

An involuntary petition in bankruptcy was filed against petitioner John H. Baron (hereinafter John) on August 18, 1972. He was adjudicated a bankrupt on December 5, 1972. James H. Levy was appointed by the bankruptcy court as trustee for the estate of John H. Baron. Petitioner Ruby A. Baron (hereinafter Ruby) was not involved in the bankruptcy proceedings.

Respondent has not made an assessment against John for the year 1970 under section 6871(a). The United States was not scheduled as a creditor for taxes owed for the year 1970 on the schedules filed by John in the bankruptcy proceeding. Respondent has not made a claim for taxes for the year 1970 in the bankruptcy proceeding, which is currently pending due to an appeal. A bar date for filing such claims was July 16, 1973.

Sometime on or before April 14, 1977, the internal revenue agent who reexamined the petitioners' return for the taxable year ended December 31, 1970, was aware of the bankruptcy proceedings instituted against John H. Baron, and he noted this information in his report dated April 14, 1977.

The statutory notice of deficiency on which this case is based was mailed to petitioners on May 4, 1977. It was addressed to both John and Ruby at the address given on the return for 1970. It determined that there was unreported income for the year 1970 in the amount of $62,260; and that there was a deficiency in income tax in the amount of $25,677.63 and an addition to tax under section 6653(a) in the amount of $1,283.88. Respondent did not mail a separate notice of deficiency for 1970 to Ruby. Respondent did not mail a notice of deficiency to the trustee in bankruptcy.

John and Ruby Baron filed a timely joint petition for redetermination of the deficiency set forth in the notice of deficiency on July 27, 1977. Respondent filed an answer, affirmatively alleging grounds for defense against petitioners' statute of limitations plea, and petitioners filed a reply.

When the case was called for trial on September 19, 1978, petitioners filed a motion to dismiss for lack of jurisdiction,[2] stating as grounds therefor: (1) Respondent failed to issue a

---

[2]It is somewhat unusual for petitioners to move to dismiss for lack of jurisdiction. We assume that petitioners have done so here on the theory that if we conclude that the Court does not have jurisdiction over John because of the bankruptcy proceeding, he still has a prepayment forum to litigate the deficiency in the bankruptcy court; and if the notice of deficiency is found to be invalid as to Ruby, respondent cannot assess the deficiency against her until a valid notice of deficiency is issued to her.

notice of deficiency pursuant to section 6871(a); (2) respondent failed to issue the notice of deficiency to the proper person; (3) respondent cannot issue a valid notice of deficiency during pendency of the bankruptcy proceeding; and (4) the period of limitations for issuance of a notice of deficiency had expired.

On brief, petitioners emphasize two points: (1) That since John filed a petition in bankruptcy before he filed a petition in this Court, section 6871(b) operates to deny this Court jurisdiction as to John, and (2) that the notice of deficiency, having been issued to John and Ruby jointly, is a nullity as to both John and Ruby, and hence this Court has no jurisdiction over Ruby. We agree with petitioners on the first point, that this Court has no jurisdiction over John, but disagree with petitioners on the second point, concluding that this Court does have jurisdiction over Ruby.

The jurisdiction of this Court is governed by statute. Sec. 7442. In general, the jurisdiction of the Court depends upon the issuance by the Secretary of the Treasury or his delegate of a notice of deficiency and timely filing of a petition. Secs. 6212 and 6213. Rule 13, Tax Court Rules of Practice and Procedure.

Where a taxpayer has been adjudicated a bankrupt, however, section 6871 establishes a different procedure: In that event, section 6871(a) provides that the Secretary of the Treasury or his delegate shall, despite the restrictions imposed by section 6213(a) upon assessments, immediately assess any deficiency, together with all interest, additional amounts, or additions to the tax provided by law in respect of an income, gift, or estate tax. Section 6871(b) in effect limits the jurisdiction of this Court where the taxpayer has been adjudicated a bankrupt. It states:

SEC. 6871. CLAIMS FOR INCOME, ESTATE, AND GIFT TAXES IN BANKRUPTCY AND RECEIVERSHIP PROCEEDINGS.

(b) CLAIM FILED DESPITE PENDENCY OF TAX COURT PROCEEDINGS.—In the case of a tax imposed by subtitle A or B claims for the deficiency and such interest, additional amounts, and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Tax Court; *but no petition for any such redetermination shall be filed with the Tax Court after the adjudication of bankruptcy, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of the receiver.* [Emphasis added.]

Petitoners' position is that section 6871(b) precludes us from taking jurisdiction here.

We have previously considered section 6871(b) under similar circumstances. In *Sharpe v. Commissioner*, 69 T.C. 19 (1977) (a Court-reviewed opinion), the taxpayer had been adjudicated a bankrupt after filing a voluntary petition in bankruptcy. The Commissioner subsequently assessed a deficiency for Federal income taxes and additions to tax under section 6651(a)(1) and, after filing a proof of claim for the taxes only, sent the taxpayer a notice of deficiency. With respect to Tax Court jurisdiction over the deficiency, we held this Court to be without jurisdiction in accordance with earlier case law: *Prather v. Commissioner*, 50 T.C. 445 (1968); *Izen v. Commissioner*, 64 T.C. 919 (1975). With respect to our jurisdiction over the additions to tax, we recognized in *Sharpe* that *King v. Commissioner*, 51 T.C. 851 (1969), as well as the portions of our opinions in *Prather* and *Izen* on this issue supported a finding of jurisdiction. However, we noted in *Sharpe* that none of those opinions had considered the effect of section 2(a)(2A) (added in 1966) or 17(c) (added in 1970) of the Bankruptcy Act. After considering these provisions, we found our reasoning as expressed in *King*, *Prather*, and *Izen* no longer persuasive and announced that they would no longer be followed on this point.

In *Sharpe*, we explained the Court's interpretation of section 6871:

It is our present view that by establishing a different method for assessment and collection of taxes where bankruptcy intervenes, Congress intended that "tax" matters in their entirety be settled by the bankruptcy court under bankruptcy procedures instead of by the Tax Court under the procedures set forth in sections 6212(a) and 6213(a), except where the Tax Court petition antedates the petition in bankruptcy. See *Kornberg v. Tomlinson*, 341 F.2d 300 (5th Cir. 1965); *Abel v. Campbell*, 334 F.2d 339 (5th Cir. 1964); *Cohen v. Gross*, 316 F.2d 521 (3d Cir. 1963). This view is fortified by the plain language of section 2a(2A) of the Bankruptcy Act and a newly established trend in the case law where the vigorous exercise of the bankruptcy court's jurisdiction compels reconsideration of the *King* [v. *Commissioner*, 51 T.C. 851 (1969)] rationale. Several courts have held that bankruptcy courts do have jurisdiction, notwithstanding the absence of the filing of a proof of claim, to determine various tax matters in the context of the bankruptcy proceedings. See *Bostwick v. United States*, 521 F.2d 741 (8th Cir. 1975); *Gwilliam v. United States*, 519 F.2d 407 (9th Cir. 1975); *In re Duresky*, F. Supp. (N.D. Tex. 1976, 39 AFTR 2d 77–310, 77–1 USTC par. 9267).

By its terms section 2a(2A) of the Bankruptcy Act does not limit the jurisdiction of the bankruptcy court to debts claimable from the bankrupt's estate.

See and compare *Tanner v. Commissioner*, 64 T.C. 415, 421 (1975), where we recognized that "there is a strong possibility that the bankruptcy court will take jurisdiction of the tax matter here in controversy under section 2a(2A)." [69 T.C. at 27–28.]

In accord with *Sharpe* is *Tatum v. Commissioner*, 69 T.C. 81 (1977). There we held we were without jurisdiction under section 6871 to redetermine either the basic income tax deficiency or an addition to tax where the petition was filed in this Court after petitioner had filed a petition pursuant to chapter XI of the Bankruptcy Act, when respondent had assessed the deficiency and additions to tax and filed a claim in the taxpayer's bankruptcy proceedings under chapter XI of the Bankruptcy Act only for the deficiency.

Respondent would distinguish *Sharpe* and *Tatum* because there the Commissioner had filed a proof of claim in the bankruptcy proceedings for the deficiencies. Also, the Commissioner had made assessments of those taxes under section 6871(a). Thus, respondent argues, it was clear in *Sharpe* and *Tatum* that an actual tax controversy existed in the bankruptcy proceeding. In contrast, here no assessment has been made, and no claim filed even with respect to the deficiency for 1970.

The reasoning in *Sharpe* and *Tatum*, however, permits no such distinction. As discussed in *Sharpe* and *Tatum*, present bankruptcy law provides the bankrupt taxpayer the right to have his tax liability adjudicated in the bankruptcy proceeding even though the Commissioner has filed no proof of claim for the tax. For a recent illustration, see *In re Harper*, 580 F.2d 165 (5th Cir. 1978). That is, sections 2a(2A) and 17(c) of the Bankruptcy Act afford the taxpayer a prepayment hearing without regard to whether the Commissioner files a claim. Whether or not the deficiency and addition to tax here were, or ever will be, actually litigated in the bankruptcy proceeding, the critical point here is that petitioner had the opportunity to litigate those claims in a prepayment forum.[3] Section 6871, as interpreted in *Sharpe*, prescribes that the forum be the bankruptcy court and not this Court. *Sharpe* and *Tatum* require that the motion to dismiss be granted as to the bankrupt petitioner.

The second issue is whether we also lack jurisdiction as to

---

[3]See *Lee v. Commissioner*, T.C. Memo. 1977–423.

Ruby A. Baron, the bankrupt petitioner's wife, who did not participate in the bankruptcy proceedings. We conclude we have jurisdiction with respect to Ruby.

John and Ruby were husband and wife during the taxable year 1970 and their joint and several liability for the tax deficiencies determined by respondent is involved herein. In *Dolan v. Commissioner*, 44 T.C. 420 (1965), we held that even though a husband and wife have filed joint returns they do not constitute a single taxpaying entity but are to be treated as separate taxpayers. Since Ruby is in no way involved in a bankruptcy proceeding, section 6871 would have no application to her. Thus, neither our ruling with respect to petitioner John H. Baron, nor our reasons therefor, deprive this Court of jurisdiction with respect to petitioner Ruby A. Baron. Also, our ruling with respect to John obviates the need for our ruling on petitioners' argument that the notice of deficiency should have been served on John's trustee in bankruptcy.

Petitioners' principal argument with reference to our lack of jurisdiction over Ruby is that since the notice of deficiency was a joint notice served on both John and Ruby, because of the application of section 6871(b) it is a nullity as to John, and as to Ruby as well. Petitioners argue that since a separate valid notice of deficiency was not served on Ruby, the Court is without jurisdiction as to Ruby.

Section 6212(a) provides that if the Secretary determines that there is a deficiency in tax he is authorized to send notice of such deficiency to the taxpayer. Section 6213(a) provides that the taxpayer shall have 90 days after the mailing of the notice of deficiency in which to file a petition for redetermination of the deficiency with the Tax Court. It also provides that no assessment of the deficiency may be made, with certain exceptions, until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day period, nor, if a petition is filed with the Tax Court, until the decision of the Tax Court has become final. A valid notice of deficiency is therefore both the necessary "ticket to the Tax Court," i.e., it permits the taxpayer to file a petition which is necessary for the Court to obtain jurisdiction, and it is a prerequisite to the assessment of the deficiency, with certain exceptions.

There is no statutory form for a notice of deficiency. A notice advising taxpayer that respondent has determined a deficiency

in his tax is sufficient. *Hannan v. Commissioner*, 52 T.C. 787 (1969); *Dolan v. Commissioner, supra*. But section 6212(b)(2) provides that in case of a joint income tax return filed by husband and wife, such notice of deficiency may be a single joint notice, except that if respondent has been notified that separate residences have been established by the spouses, then a duplicate original of the joint notice shall be sent to each spouse. See also sec. 301.6212–2, Proced. & Admin. Regs. There is no evidence here that John and Ruby had separate residences when the single, joint notice of deficiency was sent to them, and Ruby joined in the petition to this Court.

Petitioners rely on statements made in the dissenting opinions in *King v. Commissioner*, 51 T.C. 851 (1969), which suggested that if under the circumstances (bankruptcy) "a statute prohibits the filing of a petition in this Court, then *a fortiori* it renders the notice of deficiency which prompted the petition a nullity." While this Court has reversed its position in *King* because of changes in the bankruptcy law, see *Sharpe v. Commissioner, supra,* and *Tatum v. Commissioner, supra*, it has not embraced the doctrine of the dissenters in *King* stated above. But it is also clear that the suggestion of the dissenters in *King* that the notice of deficiency was invalid or a nullity was with respect to the bankrupt alone. Only the bankrupt is prohibited by section 6871(b) from filing a petition in this Court, and that section is not applicable to Ruby. Ruby is a separate taxpayer, and she received notice that respondent had determined a deficiency in her taxes. We find nothing that would invalidate the notice of deficiency to Ruby or make it a nullity. And since Ruby filed a petition in this Court for a redetermination of that deficiency, this Court has jurisdiction with respect to Ruby.[4] The bankruptcy court has no jurisdiction over Ruby and to deny her access to this Court would be to deny her any prepayment forum.[5]

Because petitioners' motion to dismiss for lack of jurisdiction

---

[4]Although the facts in *Dolan v. Commissioner*, 44 T.C. 420 (1965), are somewhat different than the facts here, our conclusion and reasoning in that case clearly support the conclusion reached here. See also *Gurley v. Commissioner*, T.C. Memo. 1966–52, which is in accord with our conclusion here on similar facts.

[5]We realize this conclusion could permit two different courts to redetermine the amount of the same tax—the joint tax due from John and Ruby. However, a similar situation occurs when a joint return is filed and one of the spouses dies and no fiduciary is appointed to sign a petition in behalf of his or her estate, or when one spouse files a waiver. See *Dolan v. Commissioner, supra*. It gives rise to no problems that cannot be worked out between the courts.

does not raise the issue of whether the statute of limitations bars assessment of tax for 1970 against Ruby A. Baron, it would be premature for us to discuss that issue at this point.

*An appropriate order will be entered.*