T.C. Memo. 1997-364

UNITED STATES TAX COURT

KATHIE J. SMEE, f.k.a. KATHIE J. ZAVITZ,
Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15958-97.                          Filed August 7, 1997.

Julie P. Gasper, for respondent.

MEMORANDUM OPINION

GOLDBERG, Special Trial Judge:  This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.[1]  This matter is before the Court on the motion to stay proceedings filed by petitioner Kathy J. Smee, f.k.a. Kathie J. Zavitz and

_____

[1]     Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

respondent's Motion for Entry of Decision. By notice of deficiency dated August 8, 1989, respondent determined deficiencies in Federal income taxes, additions to tax, and additional interest as to petitioner and her former husband Keith A. Zavitz as follows:

| | | Additions to Tax | | | | Additional Interest |
|------|------------|---------------|------------------|------------------|--------------|-------------------|
| Year | Deficiency | Sec. 6653(a) | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6659 | Sec. 6621(c) |
| 1979 | $878 | $44 | n/a | n/a | -0- | n/a |
| 1980 | 2,919 | 146 | n/a | n/a | $846 | [2] |
| 1981 | 1,392 | n/a | $70 | [1] | 418 | [2] |

[1] 50 percent of the interest due on the deficiency.

[2] 120 percent of the interest accruing after Dec. 31, 1984, under sec. 6601 with respect to any substantial underpayment attributable to tax-motivated transactions.

The underlying issue in this case arose from investment tax credit carrybacks claimed by petitioner and Mr. Zavitz related to their investment in the CPG Record Partnership. CPG Record Partnership leased a master recording from Encore Leasing Corp. Respondent mailed a notice of deficiency to them on August 8, 1989. Petitioner and Mr. Zavitz mailed a petition for redetermination on November 6, 1989, which was filed with the Tax Court on November 13, 1989, to begin a case at docket No. 27416-89. At the time their petition was filed, they resided in California. By Order dated July 29, 1997, the Court severed petitioner from that case for purposes of considering respondent's motion for entry of decision.

Petitioner signed a Stipulation of Settlement for Tax Shelter Adjustments of Petitioners (the Stipulation), filed with the Court on January 14, 1991. In the Stipulation, petitioner agreed that all adjustments in the notice of deficiency related to the Encore Leasing tax shelter, and petitioner agreed to have all issues in her case resolved as if petitioner were the same as the taxpayer in the controlling case, Wolf v. Commissioner, docket No. 28585-86. The Stipulation provided that a decision would be submitted in her case when the decision in the controlling case became final. Keith A. Zavitz signed an identical stipulation. An opinion was entered in Wolf v. Commissioner on May 15, 1991, T.C. Memo. 1991-212. This decision was affirmed. Wolf v. Commissioner, 4 F.3d 709 (9th Cir. 1993). No signed decision document has been submitted.

Petitioner and Mr. Zavitz are no longer married. It is not clear from the record when they separated or divorced.

On August 5, 1992, petitioner filed a petition with the U.S. Bankruptcy Court for the Eastern District of California under chapter 7 of the Bankruptcy Code (title 11, U.S.C.). On December 9, 1993, petitioner was granted a discharge in bankruptcy. The Order provided that petitioner was released from all dischargeable debts. The Order further provided:

> 2. Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following:

4

(A)  Debts dischargeable under 11 U.S.C. sec. 523.

(B)  Unless heretofore or hereafter determined by order of this court to be nondischargeable, debts alleged to be excepted from discharge under clauses (2), (4), and (6) of 11 U.S.C. sec. 523(A).

(C)  Debts determined by this court to be discharged under 11 U.S.C. sec. 523(d).

3.   All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined from commencing, continuing or employing any action, process or act to collect, recover or offset any such debt as a personal liability of the debtor whether or not discharge of such debt is waived.

In October 1994, Mr. Zavitz filed a petition in bankruptcy under chapter 7.  He was granted a discharge on February 9, 1995. Mr. Zavitz filed a Complaint to Determine Tax Liability with the U.S. Bankruptcy Court for the Northern District of Texas.  The complaint included the tax years at issue herein.

The case at docket No. 27416-89 was calendared for trial on May 8, 1995, in Dallas, Texas.  Respondent's counsel moved for entry of decision at that time.  No appearance was entered on behalf of petitioner and Mr. Zavitz, although petitioner filed a trial memorandum.  The Court took respondent's motion for entry of decision under advisement and ordered respondent's counsel to file a legal memorandum on the issue of whether the Court could enter a decision while Mr. Zavitz' complaint filed in the Bankruptcy Court was pending.

No memorandum was filed because in a notice filed July 10, 1995, respondent notified the Court that on June 29, 1995, Mr. Zavitz filed a petition under chapter 13 of the Bankruptcy Code with the U.S. Bankruptcy Court for the Northern District of Texas. The proceedings at docket No. 27416-89 were automatically stayed as to Mr. Zavitz. The Court ordered the parties to file a written report showing cause why the proceedings should not be stayed as to petitioner as well.

On September 14, 1995, petitioner filed a request to stay the proceedings at docket No. 27416-89. On September 18, 1995, respondent filed a notice of objection to that request. By Order dated April 2, 1996, the Court granted petitioner's request to stay proceedings. In addition, respondent's motion for entry of decision filed May 8, 1995, was denied.

On July 1, 1996, Mr. Zavitz filed a status report notifying the Court that his bankruptcy proceedings were ongoing. On July 3, 1996, respondent filed a status report notifying the Court that by Order dated September 1, 1995, the Bankruptcy Court dismissed Mr. Zavitz' case. Respondent also notified the Court that on November 6, 1995, Mr. Zavitz filed a chapter 13 petition. By status report filed with the Court on September 30, 1996, respondent notified the Court that this case was dismissed on August 26, 1996.

The Court issued an Order dated October 7, 1996, lifting the stay in the proceedings at docket No. 27416-89 and restoring the case to the general docket for trial or other disposition. However, by notice filed with the Court on January 17, 1997, respondent notified the Court that Mr. Zavitz filed a petition with the U.S. Bankruptcy Court for the Northern District of Texas on August 30, 1996, and all proceedings were automatically stayed, pursuant to the provisions of 11 U.S.C. section 362(a)(8) (1994). Petitioner filed a status report with the Court on January 17, 1997, requesting that the proceedings be stayed as to her, as well, pursuant to 11 U.S.C. section 362(a)(8). By Order dated January 23, 1997, the Court ordered respondent to file any objection to petitioner's request. On January 28, 1997, petitioner filed a motion to stay proceedings which was identical to her status report filed earlier. Respondent filed an objection to petitioner's request to stay proceedings. A hearing on the motion was calendared for February 24, 1997, in Dallas, Texas. Petitioner made no appearance at the hearing. Originally, petitioner and Mr. Zavitz were represented by counsel, William J. Ruhe, Jr. William J. Ruhe, Jr., subsequently was withdrawn as counsel of record for Kathy J. Smee, f.k.a. Kathie J. Zavitz, on August 25, 1995. Respondent filed a motion for entry of decision as to petitioner which the Court took under advisement. Subsequently, as previously stated, the Court

severed petitioner from the case at docket No. 27416-89 for purposes of considering respondent's motion.

In her motion, petitioner argues that rulings of the Bankruptcy Court are binding on the Tax Court. Petitioner further contends that by order of the U.S. Bankruptcy Court for the Eastern District of California, she was released from all dischargeable debts.

Respondent does not dispute that an order of the Bankruptcy Court is binding. Respondent argues, however, that petitioner has not alleged that the Bankruptcy Court made a determination with respect to her tax liability for the years in issue. Respondent argues that the deficiencies in issue are not dischargeable, citing 11 U.S.C. sections 523 and 507(a)(8) (1994). Moreover, respondent argues that this Court is without jurisdiction to determine whether petitioner's tax liability was discharged. Finally, respondent argues that the proceedings should not be stayed as to petitioner because she is a separate taxpayer from Mr. Zavitz.

Generally, the filing of a petition in bankruptcy acts as an automatic stay against, inter alia, the continuation of a proceeding before the Tax Court concerning the debtor. 11 U.S.C. sec. 362(a)(8). An automatic stay continues until the case is closed, the case is dismissed, or a discharge is granted, whichever is earliest. 11 U.S.C. sec. 362(c)(2)(1994). "After

the automatic stay has been removed there is no bar to this Court's accepting jurisdiction or continuing a proceeding that had been petitioned prior to the automatic stay." Neilson v. Commissioner, 94 T.C. 1, 8 (1990). Where taxpayers file a joint petition, the filing of a petition in bankruptcy by one taxpayer individually does not affect the jurisdiction of the Tax Court to redetermine the deficiency with respect to the other taxpayer. See McClamma v. Commissioner, 76 T.C. 754, 758 (1981); Baron v. Commissioner, 71 T.C. 1028 (1979).

The Tax Court is a court of limited jurisdiction conferred by statute. See sec. 7442; Neilson v. Commissioner, supra at 9. Generally, the Court's jurisdiction is dependent upon a notice of deficiency and a timely filed petition. Secs. 6212 and 6213. The Court does not have jurisdiction to determine whether a deficiency was discharged in a bankruptcy proceeding. See Neilson v. Commissioner, supra; Graham v. Commissioner, 75 T.C. 389, 399 (1980); Tortu v. Commissioner, T.C. Memo. 1994-243.

Petitioner received a discharge in bankruptcy on December 9, 1993. Thus, we are not barred from continuing these proceedings as to petitioner. Furthermore, we do not believe that there is any reason to stay these proceedings with respect to petitioner as a result of the automatic stay imposed with respect to Mr. Zavitz.

Finally, we are without subject matter jurisdiction to determine whether the deficiencies involved herein were discharged by the Bankruptcy Court.

On the basis of the foregoing, Petitioner's Motion to Stay Proceedings filed January 28, 1997, will be denied, and respondent's Motion for Entry of Decision filed on February 24, 1997, will be granted.

To reflect the foregoing and the stipulation,

<u>An appropriate order and decision will be entered</u>.