JOE A. IZEN AND FAYE J. IZEN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9372-74.    Filed August 21, 1975.

*Paul A. Butler,* for the petitioners.

---

*William T. Overton,* for the respondent.

Scott, *Judge:* On December 4, 1974, a petition entitled as above was filed in this case seeking a redetermination of deficiencies alleged to have been determined in petitioners' income taxes for the calendar years 1968, 1969, 1970, and 1971. Attached to the petition was a document alleged to be a notice of deficiency. On January 14, 1975, respondent filed a motion to dismiss this case for lack of jurisdiction as to Joe A. Izen and to change caption. This motion was set for hearing at Houston, Tex., on June 2, 1975. When the motion was called for hearing respondent filed a motion to dismiss the entire case for lack of jurisdiction and petitioners filed a motion for continuance until Bankruptcy Act section 17a determination. These two motions were heard at Houston, Tex., on June 5, 1975.

At the hearing the parties agreed to the facts relevant to the motions. These agreed facts show that petitioners Joe A. Izen and Faye J. Izen were, during the years 1968 through 1971, husband and wife. They filed separate Federal income tax returns for the calendar years 1968 through 1970 and a joint Federal income tax return for the calendar year 1971.

Under date of September 18, 1974, respondent sent to petitioner Faye J. Izen a statutory notice of deficiency showing the following deficiencies in tax and addition to tax under section 6653(a), I.R.C. 1954,[1] for the years 1968 through 1970:

| Year | Tax | Addition to tax |
|------|-----|-----------------|
| 1968 | $18,775.20 | 0 |
| 1969 | 4,120.59 | 0 |
| 1970 | 5,219.71 | $260.99 |

Under date of September 18, 1974, respondent sent a separate notice of deficiency in the upper right-hand corner of which appeared "Dr. Joe A. Izen and Mrs. Faye J. Izen, 3912 Brookhaven, Pasadena, Texas 77504" addressed "Dear Mrs. Izen," determining a deficiency in tax for the calendar year 1971 in the amount of $60,000.31 and an addition to tax under section 6653(a) in the amount of $3,000.02. No statutory notice of deficiency, authorized by section 6212 and required by section 6213(a) as the basis for an appeal to this Court, has been sent by

---

[1] All references are to the Internal Revenue Code of 1954 unless otherwise indicated.

respondent to petitioner Joe A. Izen with respect to the taxable years 1968, 1969, 1970, and 1971.

On February 5, 1974, Joe A. Izen filed a petition under chapter XI of the Bankruptcy Act in the United States District Court for the Southern District of Texas. Under date of June 24, 1974, respondent sent a letter (Form L-296 (Rev. 2-71)) in the upper right-hand corner of which appeared "Dr. Joe A. Izen, c/o Honorable Arthur L. Moller, Judge, 10501 U. S. Courthouse, 515 Rusk Avenue, Houston, Texas 77002," addressed to Dr. Izen stating that notice was given of deficiencies in income tax liability in the amounts of $18,723.59, $4,120.59, and $5,300.69, for the taxable years 1968, 1969, and 1970, respectively, and that the deficiencies in tax were being assessed under the provisions of section 6871(a). Also under date of June 24, 1974, a similar letter was addressed to Dr. Izen stating that notice was given of the determination of a deficiency in income tax liability in the amount of $60,000.31 and addition to tax in the amount of $3,000.02 for the year 1971 and that the deficiency in tax was being assessed under the provisions of section 6871(a).

On June 25, 1974, respondent filed, in the United States District Court for the Southern District of Texas, a Form 4491, proof of claim for internal revenue taxes, "In the Matter of: Dr. Joe A. Izen, Pasadena, Texas," claiming the taxes for the years 1968, 1969, 1970, and 1971, as set forth in the letters dated June 24, 1974, but not the addition to tax for the year 1971. Also on June 29, 1974, respondent assessed against Dr. Izen the taxes and addition to tax as determined in the two letters dated June 24, 1974.

On November 12, 1974, petitioner Faye J. Izen filed, in the United States District Court for the Southern District of Texas, a petition under chapter XI of the Bankruptcy Act. Under date of May 21, 1975, respondent sent two letters to petitioner Faye J. Izen "c/o Honorable E. H. Patton, Jr., Judge," in the first of which he stated that notice was given of the determination of income tax deficiencies in the amounts of $18,775.20, $4,120.59, and $5,219.71, for the years 1968, 1969, and 1970, respectively, and that the deficiencies in tax were being assessed against her under section 6871(a), and in the other that notice was given of the determination of a deficiency in the amount of $60,000.31 and addition to tax in the amount of $3,000.02 for the year 1971,

and that the deficiency in tax was being assessed against her under the provision of section 6871(a).

On May 23, 1975, the Commissioner filed, in the United States District Court for the Southern District of Texas, a proof of claim for internal revenue taxes (Form 4491) in the Bankruptcy Act proceeding of Faye J. Izen, Houston, Tex., in which, among other items, he claimed the deficiencies in tax for the years 1968, 1969, 1970, and 1971 as set forth both in the notices of deficiencies which had been mailed to Mrs. Izen on September 18, 1974, and the letters which had been sent to her under date of May 21, 1975. The proof of claim did not include claim for the additions to tax under section 6653(a).

Respondent contends that this Court lacks jurisdiction of this case with respect to Dr. Izen since no notice of deficiency in accordance with the provisions of section 6212 was sent to Dr. Izen and that such a notice of deficiency is required by the provisions of section 6213(a) to confer jurisdiction on this Court. Petitioners do not contend that the notices of liability and assessment of tax under section 6871(a) sent to Dr. Izen are notices of deficiency and in fact agreed at the trial with respondent that no notice of deficiency had been sent to Dr. Izen.

It is well settled that this Court has jurisdiction only in a case where a petition is filed within the time provided in section 6213(a) after the mailing by respondent to the taxpayer of a notice of deficiency as required by section 6212 and that a notice of assessment of tax under section 6871(a) is not such a notice of deficiency. *Nathan Lerer*, 52 T.C. 358 (1969). We therefore hold that we lack jurisdiction in this case with respect to any liability in tax or addition to tax as to Dr. Joe A. Izen for the years 1968, 1969, 1970, and 1971, and that the petition of Dr. Izen will be dismissed for lack of jurisdiction.

The case insofar as it involves Mrs. Izen presents a different issue. Mrs. Izen was sent notices of deficiencies on September 18, 1974, and filed a proper petition contesting the taxes and additions to tax determined in these notices of deficiencies on December 4, 1974. It is therefore clear that we would have jurisdiction with respect to Mrs. Izen's case except for the fact that on November 12, 1974, which was prior to the filing of her petition in this case, Mrs. Izen filed a petition under chapter XI of the

Bankruptcy Act. Section 6871(b) [2] provides that in the case of an income tax deficiency a claim for such deficiency and interest may be presented for adjudication before the Bankruptcy Court in which a bankruptcy proceeding is pending despite the pendency of proceedings for redetermination of the deficiency in a petition to the Tax Court "but no petition for any such redetermination shall be filed with the Tax Court after the adjudication of bankruptcy, the filing or * * * the approval of a petition of * * * any taxpayer in any other bankruptcy proceeding." Petitioners do not contend that Mrs. Izen did not file a petition with the Bankruptcy Court prior to the filing of the petition in this case but rather argue that under our holdings in *Pearl A. Orenduff,* 49 T.C. 329 (1968), and *John V. Prather,* 50 T.C. 445 (1968), this Court has jurisdiction to hear the petition of Mrs. Izen. Petitioners' position is not completely clear but apparently as to the years 1968 and 1969 is based on the fact that the notice of deficiency to Mrs. Izen was issued prior to the filing of her petition in bankruptcy and as to the years 1970 and 1971 both the fact that the notice of deficiency was issued prior to the filing of Mrs. Izen's petition in bankruptcy and the fact that no claim for additions to tax under section 6653(a) was filed by respondent in the bankruptcy proceeding of Mrs. Izen.[3]

The statement in section 6871(b) that "no petition may be filed with the Tax Court" does not refer to the time of the issuance of the notice of deficiency but rather refers to the time the petition was filed. The section specifically states that "no petition * * * shall be filed with the Tax Court" after the filing of a petition in bankruptcy. Most of the cases holding that this

---

[2] SEC. 6871(b). CLAIM FILED DESPITE PENDENCY OF TAX COURT PROCEEDINGS.— In the case of a tax imposed by subtitle A or B claims for the deficiency and such interest, additional amounts, and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Tax Court; but no petition for any such redetermination shall be filed with the Tax Court after the adjudication of bankruptcy, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of the receiver.

[3] Petitioners do not cite and rely on our holding in *Samuel J. King,* 51 T.C. 851 (1969), apparently since it is stipulated that respondent has both assessed the tax against Mrs. Izen under the provisions of sec. 6871(a) and also has filed a proof of claim for the taxes as distinguished from the addition to tax in the bankruptcy proceeding. Our recent holding in *John M. Tanner,* 64 T.C. 415 (1975), following our holding in *Samuel J. King, supra,* likewise involved a situation in which no assessment had been made under sec. 6871(a) and no proof of claim filed in the bankruptcy proceeding.

Court is without jurisdiction because of a petition in bankruptcy having been filed prior to the filing of a petition with this Court involve cases in which both the notice was sent and the petition filed in this Court after the adjudication of the taxpayer in bankruptcy. See, for example, *Leon I. Ross,* 38 T.C. 309 (1962). However, in a very early case, *Plains Buying & Selling Association,* 5 B.T.A. 1147, 1150 (1927), we specifically dealt with a situation where a notice was sent prior to the adjudication of the taxpayer in bankruptcy, but the petition filed after such adjudication, and held that the provision comparable to that which now appears in 6871(b) "does not leave open to question the fact that" the Tax Court "is without jurisdiction of a proceeding wherein the petition * * * was filed subsequent to an adjudication of bankruptcy." In our view this statement is correct and therefore this Court is without jurisdiction with respect to the deficiencies in Mrs. Izen's income taxes for the years 1968, 1969, 1970, and 1971.

Petitioners argue that should we hold that we are without jurisdiction as to the deficiencies in tax determined by respondent against Mrs. Izen for the years 1970 and 1971, under our holding in *John V. Prather, supra,* we should conclude that we do have jurisdiction with respect to additions to tax under section 6653(a). We agree with this contention of petitioners.

In *Prather* (p. 450) we stated:

The problem arises as a result of section 57 of the Bankruptcy Act. That section has been construed by the Supreme Court in the case of *Simonson v. Granquist,* 369 U.S. 38 (1962), to bar the allowance in bankruptcy of a claim for a nonpecuniary loss Federal tax penalty, e.g., a fraud penalty, even though the penalty was secured by a lien. Apparently, as a result of this case, Rev. Rul. 62-96, 1962-1 C.B. 308, was issued providing as the general rule that "The Internal Revenue Service will not claim nonpecuniary loss penalties in proceedings under the Bankruptcy Act, whether or not secured by Federal tax liens." The question presented to the Court for determination is whether section 6871 applies to preclude a petition to the Tax Court as regards the additions to tax for fraud assessed by the respondent herein when those additions to tax for fraud were not presented to the bankruptcy court for adjudication and could not have been allowed as a claim against the assets of the bankrupt had they been presented. It is this Court's opinion that the legislative purpose of section 6871 does not require that the petitioner be foreclosed from petitioning the Tax Court in regard to these additions to tax for fraud and that there would be grave difficulties should respondent's motion to dismiss in this proceeding be granted because the net effect may well be to deprive the petitioner of a forum in which

to have the opportunity to defend this claim, i.e., the additions to tax for fraud. [Fn. ref. omitted.]

In the present case respondent concedes that under the holding in *Simonson v. Granquist*, 369 U.S. 38 (1962), he is not entitled to claim the additions to tax for negligence under section 6653(a)[4] since that section provides for a nonpecuniary loss tax penalty. Respondent primarily contends that we should reconsider our holding in *Prather*. He argues that, even though the addition to tax provided for in section 6653(a) is not collectible out of the bankrupt estate, the Bankruptcy Court should adjudicate the entire deficiencies and additions to tax in one proceeding. Respondent points to nothing to indicate that an adjudication would be made by the Bankruptcy Court of an addition to tax which is not properly a part of a claim filed in that court and has pointed to no change in law which he contends should cause us to change the conclusion we reached with respect to additions to tax which are in the nature of nonpecuniary loss penalties in *John V. Prather, supra*. We do note that the *Prather* case involved taxes for years prior to 1966 when no Federal taxes were discharged in bankruptcy. Effective as of October 3, 1966, the Bankruptcy Act was amended to provide in section 17[5] that

---

[4] SEC. 6653. FAILURE TO PAY TAX.

(a) NEGLIGENCE OR INTENTIONAL DISREGARD OF RULES AND REGULATIONS WITH RESPECT TO INCOME OR GIFT TAXES.—If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.

[5] Bankruptcy Act.

Sec. 17. Debts Not Affected by a Discharge. a. [Taxes.] A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are taxes which became legally due and owing by the bankrupt to the United States or to any State or any subdivision thereof within three years preceding bankruptcy: *Provided, however,* That a discharge in bankruptcy shall not release a bankrupt from any taxes (a) which were not assessed in any case in which the bankrupt failed to make a return required by law, (b) which were assessed within one year preceding bankruptcy in any case in which the bankrupt failed to make a return required by law, (c) which were not reported on a return made by the bankrupt and which were not assessed prior to bankruptcy by reason of a prohibition on assessment pending the exhaustion of administrative or judicial remedies available to the bankrupt, (d) with respect to which the bankrupt made a false or fraudulent return, or willfully attempted in any manner to evade or defeat, or (e) which the bankrupt has collected or withheld from others as required by the laws of the United States or any State or political subdivision thereof, but has not paid over; but a discharge shall not be a bar to any remedies available under applicable law to the United States or to any State or any subdivision thereof, against the exemption of the bankrupt allowed by law and duly set apart to him under this Act: *And provided further,* That a discharge in bankruptcy shall not release or affect any tax lien. [As last amended by Act of July 5, 1966, Pub. L. 89-496, effective Oct. 3, 1966; 11 U.S.C. sec. 35.]

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are taxes which became legally due and owing by the bankrupt to the United States * * * within three years preceding bankruptcy." Here, Mrs. Izen filed her petition in bankruptcy on November 12, 1974, and her petition in this Court on December 4, 1974. It is therefore clear that the tax determined for the year 1971 was a tax which became legally due and owing to the United States within 3 years preceding bankruptcy, so that there is no change in the law as to discharge of a Federal tax in bankruptcy as to this year. Depending on the interpretation of the phrase "legally due and owing" and the exception for taxes "not assessed prior to bankruptcy by reason of a prohibition on assessment" it might be argued that the tax and the addition to tax for the year 1970 became legally due and owing more than 3 years preceding the date of Mrs. Izen's bankruptcy and do not fall under an exception. If so, there is a change in the law with respect to the discharge of Federal taxes in bankruptcy as to that year. However, neither party makes an issue of the provision of section 17 of the Bankruptcy Act effective as of October 3, 1966. In any event, whether the discharge in bankruptcy would release Mrs. Izen from any debt for the deficiency in tax for 1970, would not affect the jurisdiction of this Court as to the addition to tax under section 6653(a). Therefore, in our view the provision of section 17 of the Bankruptcy Act which became effective October 3, 1966, does not require a change in our holding in the *Prather* case.

We therefore conclude that this Court does have jurisdiction with respect to the additions to tax under section 6653(a) for the years 1970 and 1971.

Since the addition to tax under section 6653(a) is dependent on the underpayment in tax, we agree with petitioner that time would be conserved if the trial of this issue was delayed until after the determination of the deficiencies by the Bankruptcy Court. However, we will deny petitioner's motion for a continuance until the determination of the Bankruptcy Court since in our view it is preferable for the case to be included on calendars for report so that this Court will be currently apprised of the status of the bankruptcy proceeding.

*An appropriate order will be entered.*