In the Matter of Jimmy Frank Murphy, Bankrupt.

Jimmy Frank MURPHY, Appellant,

v.

UNITED STATES of America INTERNAL REVENUE SERVICE, Appellee.

No. 74–4143.

United States Court of Appeals,
Fifth Circuit.

June 18, 1976.

See also, D.C., 355 F.Supp. 1235.

Hobdy G. Rains, Gadsden, Ala., for appellant.

Wayman G. Sherrer, U. S. Atty., Charles D. Stewart, Asst. U. S. Atty., Birmingham, Ala., Gilbert E. Andrews, Scott P. Crampton, Asst. Atty. Gen., Crombie J. D. Garrett, Karl Schmeidler, Tax Div., Dept. of Justice, Applte. Sec., Washington, D. C., for appellee.

Before AINSWORTH, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

In this case the district court reversed a bankruptcy judge's determination that a 100 percent penalty tax for withholding and F.I.C.A. taxes assessed against a responsible corporate officer, 26 U.S.C.A. § 6672 was a dischargeable debt, the collection of which was barred by the discharge granted to the officer in his personal bankruptcy proceeding. Having been adjudicated a bankrupt and released from all his dischargeable debts, the bankrupt filed an application seeking a determination of the dischargeability of the tax assessments made against him. The bankrupt's appeal from the adverse decision of the district court raises two issues of law: *first,* does the bankruptcy court have jurisdiction to determine the dischargeability of tax liability where the United States did not file a proof of claim in the bankruptcy proceeding, and *second,*

did the district court correctly hold that the tax liability of the bankrupt was not dischargeable in bankruptcy?

■ Jurisdiction is established by 1966 and 1970 amendments to the bankruptcy laws. 11 U.S.C.A. §§ 11(a)(2A) and 35(c). This Court has noted that the language of 11 U.S.C.A. § 11(a)(2A) conflicts with the report of the Senate Finance Committee. *In re Statmaster Corp.*, 465 F.2d 978, 979–981 (5th Cir. 1972). *See In re Durensky*, 519 F.2d 1024, 1025 n. 2 (5th Cir. 1975). In adhering to the language of the statute, we adopt the reasoning of Judge Mahon stated in his thorough opinion on the same issue in another case. *In re Durensky*, 377 F.Supp. 798 (N.D.Tex.1974), *appeal dismissed*, 519 F.2d 1024 (5th Cir. 1975). Our holding follows that of the Ninth Circuit where the Court stated:

> We hold that the Bankruptcy Court has jurisdiction under § 35(a) and (c) to adjudicate the Bankrupt's indebtedness for the federal income taxes due and owing by the Bankrupt, as determined under § 11(a)(2A), to be discharged in bankruptcy, notwithstanding the lack of a prior claim therefor or other proof thereof by IRS.

*Gwilliam v. United States,* 519 F.2d 407, 412 (9th Cir. 1975). *See Bostwick v. United States,* 521 F.2d 741 (8th Cir. 1975); *In re Century Vault Co.,* 416 F.2d 1035 (3d Cir. 1969).

■ As to the second issue, we adopt the reasoning of Judge Allgood given in this instant case, where the court determined that the 26 U.S.C.A. § 6672 liability is, for purposes of the bankruptcy law, a nondischargeable tax governed by 11 U.S.C.A. § 35(a) rather than a dischargeable penalty which is governed by 11 U.S.C.A. § 93(j). *In re Murphy,* 381 F.Supp. 813 (N.D.Ala. 1974).

AFFIRMED.