**Robert Henry Severance, Bankrupt.**

**Robert Henry SEVERANCE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Nos. BK 3–74–175–F.**

United States District Court,
N. D. Texas,
Dallas Division.

March 24, 1977.

---

John W. Price, Dallas, Tex., for plaintiff.

Michael P. Carnes, U. S. Atty., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., Marc E. Albert, Trial Atty., Civil Division, Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

Plaintiff Robert Henry Severance filed this appeal challenging the actions of the bankruptcy court in granting the government's motion for summary judgment to the effect that certain tax penalties assessed against Plaintiff are non-dischargeable. Upon consideration of the record on appeal, briefs filed by Plaintiff and the government, and oral arguments of counsel, we are of opinion for the reasons set forth below that the judgment of the bankruptcy court entered on June 3, 1976 must be affirmed.

Plaintiff filed his complaint in this cause on October 22, 1974 seeking discharge of a tax assessment arising from the failure of the Severance Tool Company, a Texas corporation, to pay over to the government certain taxes which had been withheld from the wages of corporation employees. It is undisputed that such taxes were not paid and the parties stipulated that the IRS assessed against Robert Henry Severance individually, as an officer of the corporation, a 100% penalty pursuant to Section 6672 of the Internal Revenue Code. The cited provision authorizes such an assessment against "any person required to collect . . and pay over" such taxes who "willfully" fails to do so.

After answering the complaint, the government filed a motion for summary judgment and supporting memorandum of law on April 2, 1975, seeking judgment based upon its contention that the tax liability in question is non-dischargeable under 17(a)(1)(e) of the Bankruptcy Act. In its summary judgment memorandum, the government made it clear that it relied upon the principle that an IRS assessment such as the one in question is presumptively valid and establishes a prima facie case of liability, citing *Estate of Broadhead v. Commissioner of Internal Revenue*, 391 F.2d 841 (5th Cir., 1969). Plaintiff Severance in no way contested the validity of the IRS assessment but instead filed his own motion for summary judgment and supporting brief on April 8, 1975 on the theory that the tax liability is dischargeable.

■ Because Rule 756 of the Rules of Bankruptcy Procedure makes Rule 56 of the Federal Rules of Civil Procedure applicable to adversary proceedings in bankruptcy court, we look to Rule 56, F.R.C.P., to determine whether Plaintiff is correct in his argument on appeal, issue # 1, that the bankruptcy judge abused his discretion in granting the government's motion for summary judgment. Rule 56(e) plainly states that:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

As the government set forth facts making out a prima facie case that the assessment was valid, and as Plaintiff failed to respond to the government's motion as required by Rule 56(e), the bankruptcy judge acted properly in granting the government's motion assuming that such an assessment is non-dischargeable.

■ Plaintiff's theory advanced in his summary judgment motion and now on appeal, issue # 2, is that the "person" who withheld and failed to pay over taxes was

the Severance Tool Company and that the penalty assessment against Robert Henry Severance individually was in the nature of a "secondary" liability which is dischargeable. While Plaintiff's position may have appeared to be sound when advanced in the 1975 summary judgment motion, the opinion in *Murphy v. United States Internal Revenue Service*, 533 F.2d 941 (5th Cir., 1976) persuades this court that the assessment, if valid, is non-dischargeable. In view of this conclusion of law, and because Plaintiff failed to raise any issue as to the validity when he should have done so in response to the government's motion for summary judgment, the judgment of the bankruptcy court must be affirmed on authority of *Murphy v. United States Internal Revenue Service*, supra.

What Plaintiff actually appears to be seeking in his oral argument on appeal is an evidentiary hearing on the factual questions that determine the validity of the assessment. The government correctly maintains, however, that by failing to raise these fact questions below, Plaintiff waived them. Further, the government relies on the long established principle that an appellate court will not consider factual issues raised for the first time on appeal, *Kappel v. United States*, 437 F.2d 1222 (3rd Cir., 1971).

If Plaintiff has a substantial defense to the validity of the assessment and if his failure to raise the decisive fact issues below was inadvertent, it would seem harsh to hold that he is now forever barred from being accorded a hearing on these questions. Because Bankruptcy Rule 924 makes Rule 60 of the Federal Rules of Civil Procedure applicable to bankruptcy proceedings, however, the action of this court in affirming the judgment of the bankruptcy court does not mean that Plaintiff has no further hope of relief. If Plaintiff can demonstrate that he has a substantial defense to the validity of the assessment and that his failure to raise it earlier was a result of mistake, inadvertence or excusable neglect, he can move the bankruptcy court for relief from judgment under Rule 60(b). The other elements present here would merit serious consideration of such a motion: Plain-

tiff at no time expressly admitted that he was the "person" responsible for the tax or that his failure to pay it was "willful", his failure to raise the decisive fact questions below apparently resulted from a good faith belief that his own motion for summary judgment was sound, no hearing has yet been had on the fact issues involved, denial of a Rule 60(b) motion would raise the bar of res judicata forever depriving Plaintiff of a hearing on these issues, and the government would not be prejudiced by a hearing.

Defendant-appellee is requested to prepare and submit appropriate form of order affirming the judgment of the bankruptcy court.