JAMES E. TATUM AND ELIZABETH TATUM, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 10555–76.    Filed October 25, 1977.

*Ted Hirtz,* for the petitioners.
*Charles N. Woodward and M. Alice Gresham,* for the respondent.

## OPINION

SCOTT, *Judge:* On December 3, 1976, a petition entitled as above was filed in this case seeking a redetermination of deficiencies and additions to tax for the calendar years 1970 through 1973. Attached to the petition was a copy of a notice of deficiency mailed to petitioners on September 3, 1976, determining the following deficiencies and additions to tax:

| TYE Dec. 31— | Deficiency | Additions to tax Sec. 6651 (a) I.R.C. 1954 | Sec. 6653 (a) I.R.C. 1954 |
|---|---|---|---|
| 1970 | $33,484.83 | $8,745.42 | $1,749.08 |
| 1971 | 16,776.25 | 6,249.82 | 1,249.96 |
| 1972 | 12,656.18 | 3,164.04 | 632.80 |
| 1973 | 11,208.39 | 0 | 560.42 |

On February 22, 1977, respondent filed a motion to dismiss the above-entitled case as to James E. Tatum for lack of jurisdiction and to change caption.

The issues here are (1) whether this Court under the provisions of section 6871(b), I.R.C. 1954,[1] lacks jurisdiction of the deficiencies involved in this case as to Mr. Tatum since the petition herein was filed after the filing by Mr. Tatum of a petition for an arrangement under chapter XI of the Bankruptcy Act, and (2) whether this Court under section 6871(b) lacks jurisdiction over the additions to tax asserted by respondent.

On April 6, 1977, petitioners filed objections to respondent's motion on the ground that there had been no approval of the petition filed by James E. Tatum for an arrangement under chapter XI of the Bankruptcy Act. Petitioners contend that the provisions of chapter XI require approval of the arrangement proposed in the petition, and therefore since the petition in this case was filed prior to approval of the proposed arrangement under chapter XI of the Bankruptcy Act, section 6871(b) does not cause this Court to lack jurisdiction to determine the deficiencies and additions to tax asserted by respondent against Mr. Tatum.

At the hearing on this motion held in Houston, Tex., on May 9,

---

[1] All Code references are to the Internal Revenue Code of 1954, as amended.

1977, the parties agreed to the facts relevant to respondent's motion. These agreed facts show that petitioners are husband and wife who filed joint Federal income tax returns for the calendar years 1970 through 1973. At the time their petition in this case was filed, they resided in Houston, Tex.

Respondent in the statutory notice of deficiency mailed to petitioners on September 3, 1976, determined deficiencies and additions to tax as above set forth. On October 4, 1976, petitioner James E. Tatum filed a petition under chapter XI of the Bankruptcy Act with the United States District Court for the Southern District of Texas, and on December 3, 1976, the petition with this Court seeking a redetermination of the deficiencies and additions to tax was filed. On January 13, 1977, respondent sent a letter (Form L–296) to James E. Tatum as debtor in possession notifying him that deficiencies in income tax and additions to tax were being assessed against him under the provisions of section 6871(a) for the calendar years 1970 through 1973. The amounts of the deficiencies and additions to tax set forth in this letter were identical to the amounts determined in the statutory notice of deficiency mailed September 3, 1976. The deficiencies in income tax as set forth in the letter of January 13, 1977 (Form L–296), sent to Mr. Tatum were assessed against him on January 17, 1977. On February 2, 1977, the Commissioner of Internal Revenue filed a proof of claim in the bankruptcy proceeding for assessed Federal income taxes due from James E. Tatum for the years 1970 through 1973. The proof of claim, Form 4491, claimed, among other things, the following amounts of income tax and interest:

| Kind of tax and period | Amount due |
| --- | --- |
| Income tax 1970 | $33,484.83 |
| Interest to 10/4/76 | 11,793.61 |
| Income tax 1971 | 16,776.25 |
| Interest to 10/4/76 | 4,902.15 |
| Income tax 1972 | 12,656.18 |
| Interest to 10/4/76 | 2,938.86 |
| Income tax 1973 | 11,208.39 |
| Interest to 10/4/76 | 1,930.17 |

No claim was made in the proof of claim filed February 2, 1977, for any additions to tax and no other claim for these taxes

has been made by respondent in the proceedings under chapter XI of the Bankruptcy Act.

Section 6871(a) provides that upon the adjudication of bankruptcy of any taxpayer or the filing or where approval is required by the Bankruptcy Act, the approval of a petition of any taxpayer in any other bankruptcy proceeding, any deficiency determined with respect to an income tax shall, despite the restrictions imposed by section 6213(a) upon assessments, be immediately assessed if such deficiency has not previously been assessed in accordance with law. Section 6871(b)[2] provides that in the case of an income tax deficiency, a claim for such deficiency and such interest, additional amounts and additions to the tax may be presented for adjudication in accordance with law to the court before which the bankruptcy or receivership proceeding is pending despite the pendency of proceedings for the redetermination of the deficiency before the Tax Court; but that no petition for any such redetermination shall be filed with the Tax Court after the adjudication of bankruptcy, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding.

It is respondent's position that this Court lacks jurisdiction of a case where after the mailing of the notice of deficiency, but prior to the date of the filing of the petition in this Court, a taxpayer to whom the notice is issued files a petition under chapter XI of the Bankruptcy Act. In *Izen v. Commissioner*, 64 T.C. 919, 923–924 (1975), we so held with respect to the deficiency as

---

[2]SEC. 6871. CLAIMS FOR INCOME, ESTATE, AND GIFT TAXES IN BANKRUPTCY AND RECEIVERSHIP PROCEEDINGS.

(a) IMMEDIATE ASSESSMENT. –Upon the adjudication of bankruptcy of any taxpayer in any liquidating proceeding, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of a receiver for any taxpayer in any receivership proceeding before any court of the United States or of any State or Territory or of the District of Columbia, any deficiency (together with all interest, additional amounts, or additions to the tax provided by law) determined by the Secretary or his delegate in respect of a tax imposed by subtitle A or B upon such taxpayer shall, despite the restrictions imposed by section 6213(a) upon assessments, be immediately assessed if such deficiency has not theretofore been assessed in accordance with law.

(b) CLAIM FILED DESPITE PENDENCY OF TAX COURT PROCEEDINGS.—In the case of a tax imposed by subtitle A or B claims for the deficiency and such interest, additional amounts, and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Tax Court; but no petition for any such redetermination shall be filed with the Tax Court after the adjudication of bankruptcy, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of the receiver.

determined by respondent in the notice of deficiency. Petitioners, however, point out that the facts in the *Izen* case do not show whether the arrangement proposed in the petition filed under chapter XI of the Bankruptcy Act had been approved by creditors and confirmed by the court prior to the filing of the petition by the taxpayers there involved with this Court. They stated that in any event no issue as to whether it was necessary that such approval and confirmation have occurred to deprive this Court of jurisdiction over the deficiency was raised. Petitioners argue that since under the provisions of chapter XI of the Bankruptcy Act the arrangement proposed in the petition must be approved by all or a majority of the unsecured creditors and confirmed by the court to become effective, the provisions of section 6871(b) should be interpreted as inapplicable to a petition filed under chapter XI of the Bankruptcy Act until the arrangement proposed in the petition under chapter XI or thereafter is accepted by the creditors and confirmed by the court. Petitioners state, and respondent admits, that at the date this motion was argued the arrangement proposed by James E. Tatum had not been confirmed by the court.

Chapter XI of the Bankruptcy Act (11 U.S.C. secs. 701–799) provides that a debtor may file a petition under chapter XI in a pending bankruptcy proceeding either before or after his adjudication (11 U.S.C. sec. 721) or if no bankruptcy proceeding is pending, a debtor may file an original petition under chapter XI with the court which would have jurisdiction of a petition for his adjudication in bankruptcy (11 U.S.C. sec. 722). In the instant case, the parties agree that the petition filed by Mr. Tatum on October 4, 1976, with the United States District Court for the Southern District of Texas, was an original petition under chapter XI (11 U.S.C. sec. 722), since at the time it was filed no bankruptcy proceeding was pending involving Mr. Tatum. Chapter XI further provides (11 U.S.C. sec. 723) that a petition filed under that chapter shall state that the debtor is insolvent or unable to pay his debts as they mature and shall set forth the provisions of the arrangement proposed by him or state that he intends to propose an arrangement pursuant to the provisions of the chapter.[3]

---

[3]The parties apparently agree that James E. Tatum in his petition stated that he proposed to file an arrangement and that an arrangement filed subsequent to the filing of his petition on Oct. 4, 1976, had

Chapter XI further provides for notice to creditors of a creditors' meeting, accompanied by a copy of the proposed arrangement, and the actions to be taken by the court after acceptance of the arrangement by creditors. Subchapter IX of chapter XI of the Bankruptcy Act (11 U.S.C. secs. 761 and 762) provides for confirmation of the arrangement by the court. 11 U.S.C. sec. 761 provides for such confirmation when at a meeting of creditors the arrangement has been accepted in writing by all creditors affected thereby whether or not their claims have been proved. 11 U.S.C. sec. 762 provides that if an arrangement has not been accepted by all creditors but has been accepted by a majority of all creditors or where creditors have been divided into classes by a majority of the creditors of each class, that an application may be made for the confirmation by the bankruptcy court of the arrangement within the time fixed by the court. Chapter XI contains various provisions for modification of the proposed arrangement and adjournments of the hearing. It also contains provisions as to the effect of confirmation of the arrangement. Subchapter X of chapter XI (11 U.S.C. secs. 776 and 777), provides that where confirmation of the arrangement is refused the court shall, if the petition was filed after the filing of a bankruptcy proceeding, enter an order dismissing the chapter XI proceeding and directing that the bankruptcy be proceeded with pursuant to the Bankruptcy Act or, if the petition was filed when no bankruptcy proceeding was pending—

enter an order, upon hearing after notice to the debtor, the creditors, and such other persons as the court may direct, either adjudging the debtor a bankrupt and directing that bankruptcy be proceeded with pursuant to the provisions of this title or dismissing the proceeding under this chapter, whichever in the opinion of the court may be in the interest of the creditors: *Provided, however,* That an order adjudging the debtor a bankrupt may be entered without such hearing upon the debtor's consent.

11 U.S.C. sec. 777 provides that where the court has retained jurisdiction after the confirmation of an arrangement and the debtor defaults in any of the terms thereof or the arrangement

---

not been confirmed by the bankruptcy court at the time of the hearing on respondent's motion partially because of the objection to the proposed arrangement by the Commissioner of Internal Revenue.

terminates by reason of the happening of a condition specified in the arrangement, the court, upon hearing, after notice to the debtor and creditors or such other persons that the court may direct, shall take the same actions that the court is permitted to take in the case of an arrangement not being confirmed by the court.[4]

Petitioners argue that since the bankruptcy court has the authority, if an arrangement is not approved, to dismiss the proceeding, the filing of a petition under chapter XI is a situation "where approval is required by the Bankruptcy Act." In our view the provisions of the Bankruptcy Act are clear that approval of a petition is not required under chapter XI, but rather the confirmation of the arrangement proposed in the petition or thereafter is required.

"Confirmation" by the court of the arrangement might substantively be equivalent to the "approval" by the court of the arrangement. However, there is no requirement of any form of confirmation or approval of the petition under chapter XI. We

---

[4] 11 U.S.C. secs. 776 and 777 state as follows:

SUBCHAPTER X.—DISMISSAL AND ADJUDICATION

Sec. 776. Abandonment or rejection of arrangement before confirmation.

If the statement of the executory contracts and the schedules and statement of affairs, as provided by paragraph (1) of section 724 of this title, are not duly filed, or if an arrangement is not proposed in the manner and within the time fixed by the court or if an arrangement is withdrawn or abandoned prior to its acceptance, or is not accepted at the meeting of creditors or within such further time as the court may fix, or if the money or other consideration required to be deposited is not deposited or the application for confirmation is not filed within the time fixed by the court, or if confirmation of the arrangement is refused, the court shall—

(1) where the petition was filed under section 721 of this title, enter an order dismissing the proceeding under this chapter and directing that the bankruptcy be proceeded with pursuant to the provisions of this title; or

(2) where the petition was filed under section 722 of this title, enter an order, upon hearing after notice to the debtor, the creditors, and such other persons as the court may direct, either adjudging the debtor a bankrupt and directing that bankruptcy be proceeded with pursuant to the provisions of this title or dismissing the proceeding under this chapter, whichever in the opinion of the court may be in the interest of the creditors: *Provided, however,* That an order adjudging the debtor a bankrupt may be entered without such hearing upon the debtor's consent.

Sec. 777. Termination or default after confirmation.

Where the court has retained jurisdiction after the confirmation of an arrangement and the debtor defaults in any of the terms thereof or the arrangement terminates by reason of the happening of a condition specified in the arrangement, the court upon hearing after notice to the debtor, the creditors, and such other persons as the court may direct shall—

(1) where the petition has been filed under section 721 of this title, enter an order dismissing the proceeding under this chapter and adjudging the debtor a bankrupt, if not previously so adjudged, and directing that the bankruptcy be proceeded with pursuant to the provisions of this title; or

(2) where the petition has been filed under section 722 of this title, enter an order either adjudging the debtor a bankrupt and directing that bankruptcy be proceeded with pursuant to the provisions of this title or dismissing the proceeding under this chapter, whichever in the opinion of the court may be in the interest of the creditors.

might be more impressed by petitioners' argument that if an arrangement is not accepted or confirmed by the bankruptcy court and that court dismisses the proceeding, Mr. Tatum would be left with no forum for hearing of the merits of his tax liability prior to payment if the identical provision did not appear in the section dealing with authority of the bankruptcy court after confirmation of an arrangement where the court retains jurisdiction after such confirmation. Certainly under various other provisions of chapter XI of the Bankruptcy Act, such as the provision for the conduct and business of creditors' meetings (11 U.S.C. sec. 736),[5] which specifically provides that at the creditors' meeting the judge or referee may receive proofs of claim and allow or disallow them, it would appear that once a petition is filed a taxpayer would have ample opportunity to have the merits of his tax claim heard. It appears from the provisions of 11 U.S.C. sec. 736 that the creditors' meeting is prior to acceptance by creditors of an arrangement or confirmation of such arrangement by the bankruptcy court since the section also provides that the judge shall receive and determine the written acceptances of creditors on the proposed arrangement if a copy thereof shall have accompanied such notice of meeting or adjourned meeting. In our view, regardless of what ultimately happens with respect to the proposed arrangement, once a petition under chapter XI of the Bankruptcy Act is filed, a taxpayer does have an opportunity to have the merits of his tax liability determined in the bankruptcy court.[6]

---

[5] 11 U.S.C. sec. 736 states as follows:

Sec. 736. Same; conduct and business generally.

At such meeting, or at any adjournment thereof, the judge or referee—

(1) shall preside;

(2) may receive proofs of claim and allow or disallow them;

(3) shall examine the debtor or cause him to be examined and hear witnesses on any matter relevant to the proceeding; and

(4) shall receive and determine the written acceptances of creditors on the proposed arrangement, if a copy thereof shall have accompanied the notice of such meeting or adjourned meeting. Such acceptances may be obtained by the debtor before or after the filing of a petition under this chapter.

[6] The provisions of ch. XI of the Bankruptcy Act are to be contrasted with the provision of ch. X dealing with corporate reorganizations of large corporations. Subch. IV of ch. X (11 U.S.C. secs. 526–537) provides for the filing of a petition by a corporation or by three or more creditors who have claims against a corporation or its property, aggregating $5,000 or more, liquidated as to amount, and subch. VI (11 U.S.C. secs. 541–549) specifically provides that upon the filing of a petition by a debtor the judge shall enter an order approving the petition if he is satisfied that it meets the requirements of the chapter and has been filed in good faith and dismissing it if not so satisfied.

We do not here have a question of whether the provision of sec. 6871(b), I.R.C. 1954, requiring approval of the petition "where approval is required by the Bankruptcy Act" was placed in the statute

Section 6871(a) prior to its amendment by the Technical Amendments Act of 1958 (Pub. L. 85–866, sec. 88(a), 72 Stat. 1606, provided for immediate assessment of deficiencies—

Upon the adjudication of bankruptcy of any taxpayer in any liquidating proceeding, [or] the approval of a petition of, or against, any taxpayer in any other bankruptcy proceeding, * * *

and section 6871(b) prior to its amendment by section 88(b) of Pub. L. 85–866 contained the following provision with respect to when a petition could not be filed with this Court:

after the adjudication of bankruptcy, [or] approval of the petition * * *

In explaining the change made by the Technical Amendments Act of 1958 to substitute the provisions now appearing in section 6871(a) and (b), the report of the Committee on Ways and Means of the House of Representatives, H.Rept. 775, 85th Cong., 1st Sess. (1957), 1958–3 C.B. 811, 915, stated:

Section 6871(a) now provides expressly for immediate assessment upon the adjudication of bankruptcy of any taxpayer in any liquidating proceeding, or the approval of a petition of, or against, any taxpayer in any other bankruptcy proceeding, but in the case of certain proceedings under the Bankruptcy Act (such as a proceeding under chapter 11 thereof) approval of the petition is not required. The amendment merely makes it clear that in case there is no provision for approval of the petition under the Bankruptcy Act, the assessment is to be made when the petition is filed.

The Senate Report with respect to the Technical Amendments Act of 1958, S. Rept. 1983, 85th Cong., 2d Sess. (1958), 1958–3 C.B. 922, 1158, carries a comparable explanation of the changes made to section 6871. This legislative history is a clear indication that Congress considered that no approval was required by the Bankruptcy Act of a petition filed under chapter XI.

We conclude that since James E. Tatum filed a petition for an arrangement under chapter XI of the Bankruptcy Act prior to the filing of his petition in this case, we lack jurisdiction over the deficiencies determined by the Commissioner against Mr. Tatum under the provisions of section 6871(b).

It is, however, necessary for us to determine whether we do

---

to cover corporate reorganizations under ch. X and, therefore, need not here pass on whether approval of such a petition is required by the Bankruptcy Act in order for the provisions of sec. 6871 to be applicable. However, the difference in the provisions of ch. X and ch. XI of the Bankruptcy Act with respect to approval of a petition is worthy of note.

have jurisdiction over the additions to tax determined by the Commissioner against Mr. Tatum under sections 6651(a) and 6653(a). It is to be noted that respondent did not include these additions to tax in his claim filed in the bankruptcy proceeding. On brief, he effectively concedes that under the holding in *Simonson v. Granquist*, 369 U.S. 38 (1962), he is not entitled to allowance of these additions to tax in the bankruptcy proceeding. Since respondent effectively concedes that additions to tax for failure to timely file returns and negligence under sections 6651(a) and 6653(a) are nonpecuniary loss tax penalties, he admits that these additions to tax would not be allowable in the bankruptcy proceeding. In *Prather v. Commissioner*, 50 T.C. 445 (1968), we held that section 6871 did not preclude a petition to this Court with respect to additions to tax for fraud where those additions to tax were not presented to the bankruptcy court for adjudication and could not have been allowed as a claim against the bankrupt under *Simonson v. Granquist, supra*, had they been presented.[7] In *King v. Commissioner*, 51 T.C. 851, 854 (1969), we held that where a notice of deficiency was sent to a taxpayer who had been adjudicated a bankrupt but not discharged from bankruptcy we had jurisdiction to redetermine the deficiency asserted by the Commissioner in that notice where the Commissioner had not filed a proof of claim for the deficiency in the bankruptcy proceeding. In so holding we relied on the *Prather* case, *supra*, stating that in that case we held that "since the claim for the fraud penalty was not and could not have been presented to the bankruptcy court, * * * we had jurisdiction to redetermine that claim." We concluded that the *Prather* case had applied the "no petition" language of section 6871 to operate "as a bar to Tax Court jurisdiction only if the taxpayer has had an opportunity to litigate the asserted deficiency in the bankruptcy proceeding." In neither the *Prather* case nor the *King* case did we discuss the provisions contained in 11 U.S.C. sec. 11(a)(2A) which was an amendment to the Bankruptcy Act by Pub. L. 89–496, sec. 1, 80 Stat. 270 (July 5, 1966). This section provides, among other things, that courts of bankruptcy have jurisdiction to—

---

[7]It should be noted that at the time of our opinion in *Prather v. Commissioner*, 50 T.C. 445 (1968), sec. 6871(a) contained the exact provisions it now contains with respect to assessment of additions to tax and sec. 6871(b) contained the same provisions in this respect it now contains. (See n. 2 *supra*.)

Hear and determine, or cause to be heard and determined, any question arising as to the amount or legality of any unpaid tax, whether or not previously assessed, which has not prior to bankruptcy been contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction, and in respect to any tax, whether or not paid, when any such question has been contested and adjudicated by a judicial or administrative tribunal of competent jurisdiction and the time for appeal or review has not expired, to authorize the receiver or the trustee to prosecute such appeal or review;

Subsequent to our decisions in *Prather* and *King,* rules 303 and 11–33(c) of the Federal Rules of Bankruptcy were adopted by orders of April 24, 1973, and March 18, 1974, respectively. They permit a bankrupt to file a claim for taxes on behalf of the Government if such a claim has not been filed by the Government prior to the first creditors' meeting. The Bankruptcy Act was further amended to provide that the bankrupt or any creditor may file an application with the bankruptcy court for the determination of the dischargeability of any debt. (Pub. L. 91–467, 84 Stat. 992, 11 U.S.C. sec. 35(c)[8] (Oct. 19, 1970)).

In *Tanner v. Commissioner,* 64 T.C. 415, 420–421 (1975), we had before us the case of a taxpayer who, after adjudication as a bankrupt but before a discharge, received a statutory notice of transferee liability from which he filed a petition with this Court. The Commissioner had made no assessment of the liability and filed no proof of claim in the bankruptcy proceeding. In the *Tanner* case we discussed the 1966 amendment to the Bankruptcy Act (11 U.S.C. sec. 11(a)(2A)) not considered in the *King* case, as well as the 1970 amendment (11 U.S.C. sec. 35(c)) permitting the bankrupt as well as any creditor to file an application to have the dischargeability of a debt in bankruptcy determined.

In *Tanner v. Commissioner, supra,* we discussed the legislative history of 11 U.S.C. sec. 11(a)(2A) as well as some cases dealing with the provisions of that section. There, we pointed out that even though the legislative history of the section carried a

---

[8] 11 U.S.C. sec. 35(c) states as follows:

(c)(1) The bankrupt or any creditor may file an application with the court for the determination of the dischargeability of any debt.

\*      \*      \*      \*      \*      \*      \*

(3) After hearing upon notice, the court shall determine the dischargeability of any debt for which an application for such determination has been filed, shall make such orders as are necessary to protect or effectuate a determination that any debt is dischargeable and, if any debt is determined to be nondischargeable, shall determine the remaining issues, render judgment, and make all orders necessary for the enforcement thereof. A creditor who files such application does not submit himself to the jurisdiction of the court for any purposes other than those specified in this subdivision.

contrary inference, several courts had held that the statutory language clearly gave the bankruptcy court jurisdiction to determine the amount and legality of an unpaid tax even though a proof of claim had not been filed. More recently this same conclusion was reached in *In re Dolard*, 519 F.2d 282 (9th Cir. 1975), and *Murphy v. United States*, 533 F.2d 941 (5th Cir. 1976).[9] Some cases holding that the bankruptcy court has jurisdiction to determine the dischargeability of Federal taxes in the bankruptcy proceeding, even though no proof of claim had been filed, likewise support this conclusion. See, e.g., *Gwilliam v. United States*, 519 F.2d 407, 410 (9th Cir. 1975); *Bostwick v. United States*, 521 F.2d 741 (8th Cir. 1975).

In *Tanner v. Commissioner, supra,* we further pointed out that clearly under the 1970 amendment (11 U.S.C. sec. 35(c) (3)) the bankruptcy court is granted jurisdiction to adjudicate the merits of a tax claim in connection with a petition for a determination of dischargeability and that this right exists whether or not respondent has filed a proof of claim, citing *In re Durensky*, 377 F. Supp. 798 (N.D. Tex. 1974). In the more recent *In re Durensky*, F. Supp. (N.D. Tex. 1976, 39 AFTR 2d 77–310, 77–1 USTC par. 9267), the bankruptcy court, in fact, did determine the merits of a tax liability in which no proof of claim was filed and the Commissioner was contending that part of the deficiency was due to fraud. However, in the *Tanner* case, *supra,* we decided to follow our holding in *King v. Commissioner, supra,* that we did have jurisdiction where no proof of claim had been filed by respondent in the bankruptcy proceeding until

---

[9]In *Murphy v. United States*, 533 F.2d 941 (5th Cir. 1976), the Court in holding that the bankruptcy court had jurisdiction to determine the dischargeability of tax liability where the United States did not file a proof of claim in the bankruptcy proceeding stated in part as follows:

"Jurisdiction is established by 1966 and 1970 amendments to the bankruptcy laws. 11 U.S.C.A. secs. 11(a)(2A) and 35(c). This Court has noted that the language of 11 U.S.C.A. sec. 11(a)(2A) conflicts with the report of the Senate Finance Committee. *In re Statmaster Corp.*, 465 F.2d 978, 979–981 (5th Cir. 1972). See *In re Durensky*, 519 F.2d 1024, 1025 n. 2 (5th Cir. 1975). In adhering to the language of the statute, we adopt the reasoning of Judge Mahon stated in his thorough opinion on the same issue in another case. *In re Durensky*, 377 F.Supp. 798 (N.D. Tex. 1974), *appeal dismissed*, 519 F.2d 1024 (5th Cir. 1975). Our holding follows that of the Ninth Circuit where the Court stated:

'We hold that the Bankruptcy Court has jurisdiction under sec. 35(a) and (c) to adjudicate the Bankrupt's indebtedness for the federal income taxes due and owing by the Bankrupt, as determined under sec. 11(a)(2A), to be discharged in bankruptcy, notwithstanding the lack of a prior claim therefor or other proof thereof by IRS.'

*Gwilliam v. United States*, 519 F.2d 407, 412 (9th Cir. 1975). See *Bostwick v. United States*, 521 F.2d 741 (8th Cir. 1975); *In re Century Vault Co.*, 416 F.2d 1035 (3d Cir. 1969)."

further development of the law with respect to the 1966 and 1970 amendments to the Bankruptcy Act.

In our view it is now clear from the holdings of the Ninth Circuit in *In re Dolard, supra,* and of the Fifth Circuit in *Murphy v. United States, supra,* that insofar as an unpaid tax is concerned the bankruptcy court has jurisdiction to determine any question with respect to the amount or the legality of such tax even though the Commissioner files no proof of claim. The doubt expressed in *Tanner v. Commissioner, supra,* of whether the bankruptcy court would take such jurisdiction clearly no longer exists. This is certainly the situation where the bankrupt chooses to exercise his rights under rule 303 of the Federal Rules of Bankruptcy or under the provisions of 11 U.S.C. sec. 35(c)(1).

Since under present bankruptcy law the bankrupt taxpayer has an unquestionable right to have his tax liability adjudicated in the bankruptcy proceeding even though the Commissioner has filed no proof of claim for the tax, the basis for our holding in the *King* case and the *Tanner* case no longer exists. For this reason, we will no longer follow our holding in *King v. Commissioner, supra,* and *Tanner v. Commissioner, supra,* that, where no proof of claim is filed by the Commissioner in the bankruptcy proceeding with respect to an indebtedness for tax, this Court has jurisdiction to redetermine the deficiency even though at the time the petition in this Court is filed the taxpayer has been adjudicated a bankrupt and has not been discharged.

It should be noted that even though we stated in the *King* case that in *Prather* we held that a claim for an addition to tax for fraud could not have been presented to the bankruptcy court, the *Prather* case, in fact, only held that had it been presented it could not have been allowed under the holding of the Supreme Court in *Simonson v. Granquist, supra.* While the Bankruptcy Act is clear (11 U.S.C sec. 93(j))[10] that a claim for an addition to tax in the nature of a penalty, such as for fraud, negligence, or failure to timely file a return, is not allowable in a bankruptcy proceeding out of the bankrupt estate, there is not a specific provision that a

---

[10]11 U.S.C. sec. 93(j) states as follows:

(j) Debts owing to the United States or to any State or any subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued on the amount of such loss according to law.

claim for such amount cannot be filed. In any event, if the addition to tax is to be considered as a tax, the bankruptcy court does have jurisdiction under 11 U.S.C. sec. 11(a)(2A) to determine the amount or legality of the addition to tax even though the Commissioner has filed no proof of claim for the amount. Also, under 11 U.S.C. sec. 35(c)(1), the bankrupt or the Commissioner may make application to have the dischargeability of the addition to tax determined even though no claim has been filed. Such an application will bring before the bankruptcy court the question of the amount or legality of the addition to tax if such an addition to tax is a "tax" within the meaning of the Bankruptcy Act.[11] In *Murphy v. United States, supra,* the Fifth Circuit referred to "a dischargeable penalty which is governed by 11 U.S.C. sec. 93(j)" as distinguished from the 100-percent penalty under section 6672 for failure to collect and pay over taxes which should have been withheld which was stated to be nondischargeable under 11 U.S.C. sec. 35(a). This statement is a clear indication that the Fifth Circuit considered that the dischargeability of an addition to tax which is a penalty under 11 U.S.C. sec. 93(j) is properly to be determined in the bankruptcy proceeding.

That an addition to tax under sections 6651(a) and 6653(a) and (b) would be considered as a tax within the meaning of the

---

[11]11 U.S.C. sec. 35(a)(1) provides:

Sec. 35. Dischargeability of debts.

(a) Debts not affected by discharge.

A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as

(1) are taxes which became legally due and owing by the bankrupt to the United States or to any State or any subdivision thereof within three years preceding bankruptcy: *Provided, however,* That a discharge in bankruptcy shall not release a bankrupt from any taxes (a) which were not assessed in any case in which the bankrupt failed to make a return required by law, (b) which were assessed within one year preceding bankruptcy in any case in which the bankrupt failed to make a return required by law, (c) which were not reported on a return made by the bankrupt and which were not assessed prior to bankruptcy by reason of a prohibition on assessment pending the exhaustion of administrative or judicial remedies available to the bankrupt, (d) with respect to which the bankrupt made a false or fraudulent return, or willfully attempted in any manner to evade or defeat, or (e) which the bankrupt has collected or withheld from others as required by the laws of the United States or any State or political subdivision thereof, but has not paid over; but a discharge shall not be a bar to any remedies available under applicable law to the United States or to any State or any subdivision thereof, against the exemption of the bankrupt allowed by law and duly set apart to him under this title: *And provided further,* That a discharge in bankruptcy shall not release or affect any tax lien;

Obviously, under this section, to determine whether a tax for a year more than 3 years prior to the adjudication in bankruptcy is dischargeable in bankruptcy, the question of fraud or timely filing of a return would have to be determined. *In re Durensky,*    F.Supp.    (N.D. Tex. 1976, 39 AFTR 2d 77-310, 77-1 USTC par. 9267).

bankruptcy laws for the purpose of the bankruptcy court having jurisdiction to determine questions as to the merits thereof is logical in view of the provisions of section 6659(a).[12] That section provides that additions to tax and penalties shall be "assessed, collected and paid" in the same manner as taxes and that any reference in the Internal Revenue Code to tax imposed by that Code shall also be deemed to refer to additions to tax. When the bankruptcy law refers to "unpaid tax" the source of definition of what constitutes an unpaid Federal tax would logically be the definition of tax contained in the Internal Revenue Code.

We conclude that the bankruptcy court has jurisdiction to determine Mr. Tatum's liability for the additions to tax determined against him whether or not the respondent files a proof of claim for these additions to tax. Since the proceeding here is under chapter XI, the jurisdiction of the bankruptcy court is sufficiently broad to encompass passing on the merits of the additions to tax under the authority to confirm or refuse to confirm the arrangement. Also, under rules 303 and 11–33(c) of the Federal Bankruptcy Rules, Mr. Tatum could file a claim for these additions to tax for the Government to have the merits of such a claim litigated in the bankruptcy proceeding. Furthermore, even though generally under chapter XI the arrangement must include a provision for payment of taxes having a priority, a dischargeable tax under 11 U.S.C. sec. 104(a)(4), as amended by Pub. L. 89–496, sec. 3, 80 Stat. 271 (July 5, 1966), is treated as an unsecured claim.[13] Therefore, in order to confirm a plan it would be necessary for the bankruptcy judge to determine which taxes were dischargeable. Mr. Tatum is therefore entitled under 11 U.S.C. sec. 35(c)(1) to file an application for determination of the

---

[12]SEC. 6659. APPLICABLE RULES.

(a) ADDITIONS TREATED AS TAX.—Except as otherwise provided in this title—

(1) The additions to the tax, additional amounts, and penalties provided by this chapter shall be paid upon notice and demand and shall be assessed, collected, and paid in the same manner as taxes;

(2) Any reference in this title to "tax" imposed by this title shall be deemed also to refer to the additions to the tax, additional amounts, and penalties provided by this chapter.

[13]11 U.S.C. sec. 104(a)(4) states as follows:

Sec. 104. Debts which have priority.

(a) The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment, shall be * * * (4) taxes which became legally due and owing by the bankrupt to the United States or to any State or any subdivision thereof which are not released by a discharge in bankruptcy: *Provided, however,* That no priority over general unsecured claims shall pertain to taxes not included in the foregoing priority: *And provided further,* That no order shall be made for the payment of a tax assessed against any property of the bankrupt in excess of the value of the interest of the bankrupt estate therein as determined by the court.

dischargeability of the additions to tax, thereby requiring the bankruptcy court to determine the amount of and his liability for these additions to tax. Since the bankruptcy court does have jurisdiction to make the determination of the amount of the additions to tax under section 6651(a) and section 6653(a) due from Mr. Tatum and his liability therefor, under the provisions of section 6871(b) no petition for any such redetermination[14] shall be filed with the Tax Court after Mr. Tatum has filed a petition in a bankruptcy proceeding. We therefore lack jurisdiction over the additions to tax determined by respondent under sections 6651(a) and 6653(a). To the extent our holdings in *Prather v. Commissioner,* 50 T.C. 445 (1968), and *Izen v. Commissioner,* 64 T.C. 919 (1975), are contrary to our conclusion here, those cases will no longer be followed.

*An appropriate order will be entered.*

Reviewed by the Court.

DRENNEN, *J.,* did not participate in the consideration or disposition of this case.

STERRETT, *J.,* concurring: I concur in the result reached by the majority for the reasons set forth in my dissenting opinion in *King v. Commissioner,* 51 T.C. 851, 862 (1969), and only for those reasons.

SIMPSON, *J.,* dissenting: This opinion was approved by the Court at the same time as it approved the opinion in *Sharpe v. Commissioner,* 69 T.C. 19 (1977). For the reasons set forth in my dissenting opinion in the *Sharpe* case, I also must dissent in this case. However, there is an additional difficulty with this case.

By adopting both of these opinions, the Court has added to the confusion in this area. As I understand Judge Dawson's opinion

---

[14]The words "any such redetermination" used in the latter portion of sec. 6871(b) prohibiting a petition from being filed with this Court must refer not only to the deficiency but also to "interest, additional amounts, and additions to the tax" since the beginning of the sentence of sec. 6871(b) in which these words appear is: "In the case of a tax imposed by subtitle A or B claims for the deficiency and such interest, additional amounts, and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy * * * proceeding is pending * * *."

in *Sharpe,* he holds that when the Commissioner files a claim for a tax deficiency in the bankruptcy proceeding, the bankruptcy court also acquires jurisdiction over any claim for additions to tax. In this case, Judge Scott apparently holds that irrespective of whether the Commissioner files a claim for the deficiency in the bankruptcy proceeding, we lack jurisdiction over either the claim for the deficiency or any claim for additions to tax. The Bar must surely be confused as to which opinion reflects the position of the Court.