DAVID R. KANE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kane v. Commissioner
Docket Nos. 39772-87; 39773-87; 39774-87.
United States Tax Court
T.C. Memo 1989-272; 1989 Tax Ct. Memo LEXIS 272; 57 T.C.M. (CCH) 648; T.C.M. (RIA) 89272; June 7, 1989. David R. Kane, pro se. Matthew A. Lykken, for the respondent. SCOTT
MEMORANDUM OPINION SCOTT, Judge: Respondent, on December 27, 1988, filed a motion to dismiss in each of the above-entitled cases on the ground that this Court lacked jurisdiction to redetermine deficiencies for the years 1973, 1978, 1979, 1980 and 1981, which are the years stated to be in issue in the above-entitled *273 cases. The ground for the motions is that no notice of deficiency under section 6213(a) [1] to form the basis for a petition to this Court, had been sent to petitioner for the years stated to be involved in the cases. On January 30, 1989, petitioner filed a reply to each of respondent's motions to dismiss in which he stated that a notice of deficiency had been mailed for each of the years involved and, in fact, that respondent in his answer to the petition in each case alleged that a notice of deficiency in that case was issued to petitioner on a specified date determining deficiencies in petitioner's income tax. Petitioner further pointed out that the Bankruptcy Court in which petitioner had a petition pending had lifted the stay so that proceedings could be instituted in this Court for a redetermination of the deficiencies determined in respondent's notices. On February 3, 1989, the Court issued an order directing the parties to stipulate any facts either party considered pertinent to a resolution of the issue raised by *274 respondent's motions. Pursuant to this order, the parties on March 17, 1989, filed with the Court a stipulation of facts together with numerous exhibits. The facts as stipulated are found accordingly. The stipulated facts show that on July 15, 1982, petitioner, David R. Kane, filed a voluntary petition in bankruptcy under Chapter 11 of the Bankruptcy Act (11 U.S.C. sec. 1101 et seq. (1982)) and on September 24, 1982, the United States Bankruptcy Court issued an order dismissing petitioner's Chapter 11 case with prejudice. On September 24, 1982, petitioner filed for receivership in the Chancery Court of Pulaski County, Arkansas. On October 19, 1982, the deficiencies here in issue for the years 1973, 1978, 1979, 1980 and 1981 were assessed by the Internal Revenue Service. On January 20, 1983, respondent mailed a notice addressed to Mr. David R. Kane, Richard Smith, Receiver, 321 Fairfax, Little Rock, Arkansas 72205, in which he recited that deficiencies had been determined in petitioner's income tax liability for the years ended December 31, 1973 and December 31, 1978. The second paragraph of this letter states that, "The deficiencies in tax have been assessed *275 against you under the provisions of section 6871 of the Internal Revenue Code. Accordingly, no petition for a redetermination of the deficiencies may be filed with the United States Tax Court as prescribed by that section." The letter further called attention to the rights and priorities of the United States under the applicable provisions of the Bankruptcy Act. On February 1, 1983, by a letter addressed to Mr. David R. Kane, 321 Fairfax, Little Rock, Arkansas 72205, petitioner was advised of deficiencies determined in his income tax liability for the years 1979, 1980 and 1981. This letter likewise recited that these deficiencies had been assessed against petitioner under the provisions of section 6871 of the Internal Revenue Code and, accordingly, no petition for a redetermination of the deficiencies might be filed with the United States Tax Court. This letter again called attention to the rights and priorities of the United States under the Bankruptcy Act. On November 17, 1982, the United States filed a petition to remove the state receivership proceeding to the United States District Court for the Eastern District of Arkansas *276 and the case was so removed pursuant to 28 U.S.C. sec. 1446. On December 6, 1982, petitioner filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Act (11 U.S.C., sec. 1701 et seq.) and on July 12, 1983, respondent filed a proof of claim against petitioner for income taxes for the years 1973, 1978, 1979, 1980 and 1981, among others. After adversary proceedings had been docketed in petitioner's bankruptcy case, petitioner filed a motion for an order to dismiss the adversary proceedings and lift the stay so that he might litigate his tax claim in the Tax Court. On October 6, 1987, the Bankruptcy Court issued an order that the parties within 20 days of the order show cause why the adversary proceeding should not be dismissed and the stay lifted in favor of the Tax Court jurisdiction. The Government filed a response to this order, in which it was pointed out that no notice of deficiency had been issued to petitioner for the years 1973, 1978, 1979, 1980 and 1981, and that, therefore, petitioner would be unable to gain the jurisdiction of the Tax Court to determine his income tax liability for these years. On October 23, 1987, a *277 copy of the Government's response was served on petitioner. On October 27, 1987, the United States Bankruptcy Court issued an order dismissing adversary proceedings and granting relief from the automatic stay in order to permit petitioner to litigate his income tax liability for the years 1973 and 1978 through 1981 in the United States Tax Court. The petition in each of the above-entitled cases was filed on December 28, 1987. In each case, respondent filed his answer to the petition on February 29, 1988. In his answer to the petition for the year 1978, respondent stated that he presently was without sufficient knowledge or information to form a belief as to whether deficiencies had been assessed against petitioner as alleged in paragraph 1 of the petition, denied the remaining allegations of that paragraph, and "alleges that a notice of deficiency was issued to petitioner on January 20, 1983, with respect to" the years 1973 and 1978. The petitions with respect to the years 1979, 1980 and 1981 contain the same allegation, except that respondent alleged that a notice of deficiency with respect to those years was mailed to petitioner on February 1, 1983. It is clear here, as it *278 was in the case of Lerer v. Commissioner,52 T.C. 358 (1969), and Izen v. Commissioner,64 T.C. 919 (1975), that the notices on which the petitions in these cases are based are not notices of deficiency. Whether a letter is a notice of deficiency is a question of fact to be determined from the record. Lerer v. Commissioner, supra at 364-365. One of the most important factors to be determined is whether respondent intended the letter to be a notice of deficiency. Minor errors or discrepancies in a letter that is intended as a notice of deficiency do not cause the letter to lose its validity as a notice of deficiency. However, here as in Lerer v. Commissioner, supra, it is clear from the letters that they were not intended as notices of deficiency. The facts in this case are substantially the same as those in Lerer v. Commissioner, supra. The letter, in effect, states that it is not a notice of deficiency and is not intended as such. As pointed out in the letter, the deficiencies had been assessed in accordance with the provisions of section 6871. Therefore, at the time the letters were issued there *279 were no deficiencies within the definition of section 6211(a). This section defines a deficiency as the amount of tax imposed in excess of the amount of tax previously assessed as a deficiency. Since the entire amounts, which respondent determined to be deficiencies, had been assessed before these letters were mailed, there were no statutory deficiencies on the date the letters were sent. In addition to stating that the deficiencies had already been assessed, the body of the letter refers to respondent's rights and priorities in the bankruptcy proceedings. For the same reasons we discussed in Lerer v. Commissioner, supra, and Izen v. Commissioner, supra, we conclude here that the letters that form the basis of these cases are not notices of deficiency. This Court is a court of limited jurisdiction and our jurisdiction in an income tax case may be invoked only where the Commissioner has mailed to the taxpayer a notice of deficiency. A petition to this Court must be filed within the period specified by statute after the mailing to petitioner of a notice of deficiency in order for this Court to have jurisdiction to redetermine the deficiency. Since *280 the notices issued here are not notices of deficiency, this Court lacks jurisdiction over these cases. Petitioner argues that respondent's allegations in his answer that notices of deficiency were mailed distinguishes this case from Lerer v. Commissioner, supra, and Izen v. Commissioner, supra. It does appear from respondent's answer that, at the time the answer was drafted, the drafter was not knowledgable with respect to the situation in these cases. For example, there is a statement that respondent is without information sufficient to form a belief as to whether the taxes had been assessed. A reading of the letters sent to petitioner should have alerted respondent's counsel that the letters, which petitioner alleged were notices of deficiency and formed a basis of the case, were not notices of deficiency. However, in our view, the error on the part of respondent's counsel in alleging that notices of deficiency had been mailed to petitioner cannot confer jurisdiction on this Court where the facts show that no notice of deficiency was mailed. Petitioner in his petitions alleges that deficiencies in income tax had been assessed against him. This, *281 likewise, should have alerted counsel for respondent. However, no admission or agreement of the parties can confer jurisdiction on this Court where no jurisdiction exists. Mohawk Glove Corp. v. Commissioner,2 B.T.A. 1247 (1925). The Tax Court is a court of limited jurisdiction. Unless the statutory requirements conferring jurisdiction on the Court have been met, we lack jurisdiction over the case. This principle has been enunciated in numerous cases throughout the history of this Court and is too well-established to require citation of authority. It is clear in each of the cases here before us that the document petitioner alleges forms the basis of the petition is not a notice of deficiency. There is no showing in this record that any notice of deficiency was ever issued to petitioner. In fact, the stipulated facts form a clear basis for the conclusion that no notice of deficiency was ever issued to petitioner. Except where specifically provided by statute to the contrary, this Court has no jurisdiction over a case involving income tax unless the Commissioner has issued a notice of deficiency to the taxpayer and a petition has been filed seeking a redetermination *282 of the deficiencies determined by the Commissioner. Respondent's motions to dismiss for lack of jurisdiction will be granted. Appropriate orders will be entered.
Footnotes
1. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩